# CITY OF JOLIET

## v.

## FREDERICK WESTON, ADMINISTRATOR.

*Municipal Corporations—Defective Sidewalk—Action for Damages for Death of Child of Tender Years—Gross Negligence—Damages—Verdict for $1,000, not Excessive—Instructions—Evidence.*

In an action by an administrator to recover damages from a municipal corporation, resulting from the death of his intestate, the infant son of the administrator, alleged to have been caused by a defective sidewalk, it is *held:* That the evidence clearly shows that the sidewalk was in a dangerous condition and that the city authorities were guilty of gross negligence with reference thereto; that there is nothing to show contributory negligence on the part of the father; that the verdict for the plaintiff for $1,000 was not excessive; that the law implies a pecuniary loss, the child being a minor but four months old; that a certain instruction was properly refused, its substance being contained in two others given; and that the letters of administration issued to appellee were conclusive of his right to prosecute the suit.

· [Opinion filed January 10, 1887.]

APPEAL from the Circuit Court of Will County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Mr. FRED. BENNITT, for appellant.

A city is not bound to observe the highest degree of care; it is only responsible for the use of reasonable diligence in keeping its sidewalks in a reasonably safe condition, and as a basis of an action for negligence it must be shown that the city had notice of the defect, or that it might and ought by the exercise of reasonable diligence have known of it. Owen v. Chicago, 10 Ill. App. 465; Chicago v. Watson, 6 Ill. App. 344.

In the case at bar the sidewalk had no apparent defect on the day before the accident, and the members of the coroner's jury only succeeded in removing two or three of the planks by main strength on the day following. A municipal corporation

is not liable for latent defects in a sidewalk of which it had no notice, actual or constructive. Wharton on Negligence, 796; Ogins v. Himsborough, 44 Vt. 220; Doughlon v. Clinton, 33 Ia. 399; Goodenough v. Oshkosh, 24 Wis. 549.

Messrs. FLANDERS & SHUTTS, for appellee.

There is no error in refusing instructions embodying the same principles with others which are given. City of Chicago v. Hesing, 83 Ill. 204; Keeler v. Stuppe, 86 Ill. 309.

The jury may estimate the pecuniary damages from the facts proven, in connection with their own knowledge and experience, in relation to matters of common observation. City of Chicago v. Hesing, 83 Ill. 204; City of Chicago v. Scholten, 75 Ill. 468; City of Chicago v. Major, 18 Ill. 349; R., R. I. & St. L. R. R. Co. v. Delaney, 82 Ill. 198.

BAKER, P. J. This was an action on the case by the administrator against the City of Joliet to recover damages to the next of kin resulting from the death of his intestate, alleged to have been caused by the negligence of the city in not keeping a public sidewalk in repair. Robert E. Weston, the deceased, was the infant son of the administrator and was being carried in the arms of his father, who was walking along a sidewalk on Collins street, with a neighbor named Swanson, when a loose plank in the sidewalk tripped him up and he fell with the child to the sidewalk, and the neck of the child was broken and it died. The verdict and judgment in the Circuit Court were in favor of the administrator for $1,000 damages.

That the sidewalk in question was in a dangerous condition and the city authorities guilty of gross negligence with reference thereto, is clearly established by the evidence. It was four feet in width and consisted of plank of that length laid crosswise over two stringers about three feet apart, the plank extending about six inches over the stringers on each side of the walk.

It was constructed in 1865, some nineteen years prior to the death of the child; and the stringers consisted of timbers two

City of Joliet v. Weston.

inches by four inches in size, and had never been replaced or repaired since the walk was first built. The uncontradicted testimony of about a dozen witnesses is that these stringers, or some of them, were decayed and soft, would not hold nails, and could be picked to pieces; and the evidence shows they had been in a very bad condition for a year or more, and that numerous prior accidents had been occasioned on this walk by this defective condition of the stringers and the fact they would not hold nails. From these circumstances the city and its authorities must be held to be chargeable with notice of the defects in the stringers, and also with culpable negligence. The testimony introduced on the part of appellant rather aggravates than palliates its offense. It would seem therefrom that a considerable degree of diligence was used in putting back in their places the planks that became loose, and in replacing with new planks those that were worn out and broken, but that invariably these cross planks, whether old or new, were nailed to the rotten stringers that did not and could not hold nails for any considerable length of time, thereby giving the sidewalk a deceptive appearance of security.

There is nothing in the evidence upon which to predicate the charge of contributory negligence on the part of the father. He had only lived in that neighborhood some two months, had passed over that portion of the sidewalk barely two or three times, and does not appear to have been informed of its condition. There is nothing in evidence tending to prove any misconduct or want of ordinary care on his part at the time of the accident.

We are unable to say the damages assessed are excessive. Had the child lived the father would have been entitled to his services until he reached the age of twenty-one years. As the child was killed while a minor, the law implies a pecuniary loss, and the statute provides for compensation in such case. In the nature of things, there can not be an exact determination of the amount of the pecuniary damage suffered; and as was held in C. & A. R. R. Co. v. Shannon, 43 Ill. 338, and in other cases, the matter must be left largely to the discretion of the jury. In City of Chicago v. Major, 18 Ill. 349, and City of Chicago v. Hesing, 83 Ill. 204, verdicts of $800 dam-

ages were held not to be excessive and were sustained, and each of those cases was for causing the death of a child of very tender years; and in C. & A. R. R. Co. v. Becker, 84 Ill. 483, a judgment for $2,000 for causing the death of a child seven or eight years old was held not to be so excessive as to call for a reversal.

The substance of the refused instruction with reference to which complaint is made, was fully contained in two other instructions that were given, and it was not error to refuse a third instruction stating the same principles of law.

The letters of administration issued to appellee afforded all the evidence necessary in order to show his right to institute and prosecute this suit; the introduction in evidence of the petition for letters of administration, the order of appointment, the order fixing the amount of administrator's bond, the oath taken and bond filed, was wholly useless and inoperative, and even if they were improperly allowed to go to the jury they did not and could not work harm to appellant.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*