The Illinois Central Railroad Company

v.

Belford Slater, Admr.

*Filed at Ottawa May 16, 1889.*

1. NEGLIGENCE—*railroad and highway crossings—signals required—power of legislature to change charter duties.* The charter of the Illinois Central Railroad Company fixed its duties as to the giving of signals of trains approaching highway crossings. Afterward a general law was passed on the subject of such signals, prescribing different duties in that regard, and the new rule was made applicable to all railroads. It was contended by the company named, that its duties were fixed and governed by its charter, and could not be modified by subsequent legislation : *Held,* that the legislature had the power and right to impose these new duties upon all railroads, whether incorporated before or afterward. The right to impose such duties grows out of the police power, which may be exercised by the legislature at discretion, as the public safety requires.

2. SAME—*evidence—as to omission to give signal on approaching highway crossing.* In an action against a railway company to recover for an injury resulting from an omission of the engineer to give the statutory signal of warning as his train approached a highway crossing, the fact of such omission may be proved by other than positive and direct testimony.

3. In such a case, the court instructed as follows : "It is not necessary, in order to enable the plaintiff to recover, that any witness should swear positively that no bell was rung or whistle sounded upon the train in question at the distance of at least eighty rods from the highway crossing. It is sufficient, upon that question, if the jury believe, from all the evidence in the case, that no bell was rung or whistle sounded at a distance of at least eighty rods from the crossing:" *Held,* that there was no error in giving the instruction, under the evidence in the case.

4. SAME—*speed of train—evidence.* In an action on the case by an administrator, against a railway company, to recover damages for negligence causing the death of the intestate, the declaration alleged various grounds of negligence, among which was, that the train of cars which collided with a wagon in which the person killed was riding at the time of the accident, while crossing the track, was running at a high and dangerous rate of speed : *Held,* that the plaintiff had the right to prove the rate of speed of the train under the allegation.

129 91
159 538
52a 523

129 91
157 378

129 91
53a 133
58a 151

129 91
59a 97
59a 565

129 91
65a 354

129 91
92a 4222
92a 6259

129 91
196 531

129 91
199 4 15
199 5 15

129 91
104a 6610

129 91
110a 6307

129 91
113a 6106

5. And, independently of such allegation, it was proper to prove the rate of speed at which the train was running, as tending to show whether or not the deceased, under all the circumstances, exercised due care, and whether other alleged acts or omissions on the part of the defendant's servants caused the injury. In other words, any proof of facts and circumstances immediately attending the accident was competent and proper.

6. SAME—*the rule in respect to children—care required of them.* The law of negligence applicable to children is, that they are required to exercise only that degree of care and caution which persons of like age, capacity and experience may reasonably be expected to naturally or ordinarily use in the same situation and under the like circumstances, provided the parents or persons having their control are not guilty of a want of ordinary care in allowing them to be placed in such circumstances of danger. This rule will not apply to minors or children possessing the knowledge and capacity of adults.

7. SAME—*measure of damages—death of child from negligence—pecuniary ability of father.* In an action by the father, as administrator of the estate of his deceased son, against a railway company, for negligence resulting in the death of the son, where there is no pretense that such son, on account of tender years or want of mental capacity, was incapable of taking care of himself, the defendant will not have the right to prove that the plaintiff was a man of wealth at and before the time of the accident.

8. SAME—*prospective services of infant son, as an element of damages.* In such case, the court refused to instruct the jury that the father is entitled to the earnings and services of his minor son until the latter is twenty-one years of age, and the jury has no right to allow for any loss of services or earnings of the son during the period of his minority: *Held,* that the instruction was properly refused.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Ogle county; the Hon. C. W. UPTON, Judge, presiding

Messrs. W. & W. D. BARGE, for the appellant:

If a child, though young, is capable of the care and discretion required of an adult, the rule applicable to adults is to be applied to him. Pierce on Railroads, (2d ed.) 336; *Railroad Co.* v. *Becker,* 76 Ill. 25; *Ewen* v. *Railway Co.* 38 Wis. 613; *Reynolds* v. *Railroad Co.* 58 N. Y. 248; *McMahan* v. *New York,* 33 id. 642; Shearman & Redfield on Negligence, (3d ed.) 50.

. As to the duty of one to stop and look for an approaching train before attempting to cross the track, see *Railroad Co.* v. *Manly,* 58 Ill. 300; *Railway Co.* v. *Hatch,* 79 id. 137; *Railroad Co.* v. *Damerell,* 81 id. 450; *Railroad Co.* v. *Goddard,* 72 id. 568; *Pennsylvania Co.* v. *Frana,* 112 id. 398; *Railway Co.* v. *Neikirk,* 15 Bradw. 172; *Railroad Co.* v. *McKean,* 40 Ill. 218; *Railroad Co.* v. *Bell,* 70 id. 102; *Havens* v. *Railway Co.* 41 N. Y. 296; *Wilcox* v. *Railroad Co.* 39 id. 358; *Railroad Co.* v. *Houston,* 95 U. S. 697; *Railway Co.* v. *Hunter,* 33 Ind. 264; *Railroad Co.* v. *Miller,* 25 Mich. 274; *Railroad Co.* v. *Heileman,* 49 Pa. St. 60; *Railroad Co.* v. *Beale,* 73 id. 504; *Blaker* v. *Railway Co.* 30 N. J. Eq. 240; *Telfer* v. *Railroad Co.* 30 N. J. L. 138; *Brown* v. *Railway Co.* 22 Minn. 165; *Hines* v. *Railroad Co.* 41 Iowa, 227; *Salem* v. *Railroad Co.* 13 Nev. 106; *Fleming* v. *Railroad Co.* 49 Cal. 253; *Butterfield* v. *Railroad Co.* 10 Allen, 532; *Allyn* v. *Railroad Co.* 105 Mass. 77.

Affirmative testimony has greater force and weight than mere negative testimony. *Railroad Co.* v. *Dickson,* 88 Ill. 431; *Railroad Co.* v. *Robinson,* 106 id. 142; *Railroad Co.* v. *Stumps,* 55 id. 367; *Railroad Co.* v. *Gretzner,* 46 id. 74; *Railroad Co.* v. *Still,* 19 id. 499; *Frizell* v. *Cole,* 42 id. 362.

There is no law that fixes the speed of trains at highway crossings in the country. At such places they may run at any rate of speed consistent with the safety of the passengers. *Railroad Co.* v. *Lee,* 68 Ill. 576; *Railroad Co.* v. *Harwood,* 80 id. 88; *Warner* v. *Railroad Co.* 44 N. Y. 465; *Cohen* v. *Railroad Co.* 14 Nev. 376; *McKonkey* v. *Railroad Co.* 40 Iowa, 205.

The same rule should not be applied to persons dependent for support upon their labor, and to those whose means enable the parent to give a constant personal attention to the care of children, or employ a person for that purpose. *Railroad Co.* v. *Gregory,* 58 Ill. 226; *Railroad Co.* v. *Bumstead,* 48 id. 221; *Walters* v. *Railroad Co.* 41 Iowa, 71.

In a suit by a father for an injury to his child, the Supreme Court ruled: "Had the child been a plaintiff to recover for

the injury, the rule would have been different, as the same degree of care and diligence is not required of a child as from an adult.    But where a father sues for an injury to a child, his conduct must be free from blame, or his negligence, at least, should be slight, and that of the defendant gross." *Hund* v. *Geier*, 72 Ill. 393 ; *Railway Co.* v. *Stratton*, 78 id. 88 ; *Smith* v. *Railway Co.* 92 Pa. St. 450 ; *Railway Co.* v. *Grable*, 88 Ill. 441.

The case at bar is by the administrator, who is the father of the intestate, and was charged with the duty of exercising reasonable care over him for his safety, without which there can be no recovery.  *Railway Co.* v. *Grable*, 88 Ill. 441 ; *Hund* v. *Geier*, 72 id. 393 ; *Railroad Co.* v. *Stratton*, 78 id. 88 ; *Smith* v. *Railway Co.* 92 Pa. St. 450.

Mr. James H. Cartwright, and Mr. James W. Allaben, for the appellee :

The unusual and dangerous speed of the train at the crossing was negligence.  *Railroad Co.* v. *Lee*, 87 Ill. 454 ; *Railroad Co.* v. *Stables*, 62 id. 213 ; *Improvement Co.* v. *Stead*, 5 Otto, 161 ; *Railway Co.* v. *Hillmer*, 72 id. 235.

The evidence offered of the financial condition of the plaintiff was properly excluded.

If the intestate exercised such care as, under the circumstances, might be expected from one of his age and intelligence, it was sufficient.    *City of Chicago* v. *Keefe*, 114 Ill. 222.

Whether the question of the capacity of children of observing and avoiding danger be considered with reference to contributory negligence on the part of the child injured, or of parents or guardians, it is obvious that no definite rule of law can be laid down which should interfere with the jury judging each case on its own merits, and by its particular circumstances. If the child, from its age and experience, be found to have capacity and discretion to observe and avoid danger, it should be held responsible for the exercise of such measure of ca-

pacity and discretion as it possesses. *Railroad Co.* v. *Becker,* 76 Ill. 25.

A child is not to be judged by the same rule as an adult. *Railroad Co.* v. *Kelly,* 31 Pa. St. 372..

A boy is bound to exercise only such care as a person of his age, of ordinary prudence, would exercise. *Reynolds* v. *Railroad Co.* 2 N. Y. 644.

The same strict rules as to negligence do not prevail as to children that are enforced as to adults. *Railroad Co.* v. *Stout,* 17 Wall. 657 ; *Boland* v. *Railroad Co.* 36 Mo. 484.

Where witnesses testify that they were in a situation to have heard a bell ring or whistle sound if there had been any rung or sounded, and that they did not hear any, such testimony is not negative testimony. *Railroad Co.* v. *Hillmer,* 72 Ill. 235.

Where witnesses are looking at a train, and their attention is directed to what is transpiring, and they hear no bell rung or whistle sounded, such evidence is not negative in its character. *Railroad Co.* v. *Lee,* 87 Ill. 454.

The instruction announced a correct rule of law. It is immaterial whether a fact is established by affirmative or negative evidence. It is sufficient if the jury believe, from all the evidence, that the fact is established. "The proof is what is required, and not the character of the evidence, so that it is legitimate and to the issue." *Duffield* v. *Delancey,* 36 Ill. 258.

The provision for giving signals at highway crossings is a police regulation for the protection and safety of citizens, and no corporation is above the general laws enacted for the safety of the community. *Railroad Co.* v. *Loomis,* 13 Ill. 548 ; *Railroad Co.* v. *Parks,* 18 id. 460 ; *Railroad Co.* v. *McClelland,* 25 id. 140 ; *Railroad Co.* v. *Appleby,* 28 id. 283.

The plaintiff was entitled to recover such damages as he sustained as next of kin, and the loss of his son's services is an element of those damages. *Chicago* v. *Hesing,* 83 Ill. 204; *Stafford* v. *Rubens,* 115 id. 196 ; *Railroad Co.* v. *Shannon,* 43 id. 338.

Mr. Justice Wilkin delivered the opinion of the Court:

This case originated in the circuit court of Ogle county, and is an action on the case, by appellee, against appellant, for negligently causing the death of Arthur B. Slater, his son. The deceased was about nine years old. When killed he was in a farm wagon, drawn by two horses, with an elder brother, thirteen years of age. The two boys were in charge of the team, and in attempting to cross the track of appellant, on the public highway, using due care, as is alleged in the declaration, the wagon was struck by a passing locomotive and both boys killed. The negligence charged in the declaration against the employes of appellant is, the omission to give the statutory signals, keep a proper lookout, running at a dangerous rate of speed, and failing to use reasonable diligence to stop the train in time to avoid the injury. Appellee recovered a judgment in the circuit court for $1000, which was, by the Appellate Court, on appeal, affirmed, and appellant again appeals.

The case is submitted in this court on the part of appellant on the same brief and argument filed in the Appellate Court. That court, by its judgment of affirmance, having settled all controverted facts adversely to appellant, we need give no attention to the lengthy review of the evidence contained in the argument, unless it is found necessary to do so in passing upon questions of law submitted for our decision.

On the trial, appellee was permitted, over objection, to prove the speed at which the train was running at the time deceased was killed, and this, appellant says was error. One of the acts of negligence charged in the declaration is, that the train was running at a high and dangerous rate of speed at the time of the accident. Surely the plaintiff had a right to prove that averment if he could. But, independent of the allegation, it was proper to prove the rate of speed at which the train was running, as tending to show whether or not deceased, under all the circumstances, exercised due care, and whether other

alleged acts or omissions on the part of appellant's servants caused the injury. In other words, any proof of facts and circumstances immediately attending the accident was competent and proper. *Chicago, Burlington and Quincy Railroad Co.* v. *Lee, Admr.* 87 Ill. 454; *Indianapolis and St. Louis Railroad Co.* v. *Stables,* 62 id. 313; *Rockford, Rock Island and St. Louis Railroad Co.* v. *Hillmer,* 72 id. 235.

Appellant offered to prove that appellee was a man of wealth at and before the time of the accident; but, on objection, the court refused to allow it to do so. It seems that the purpose for which the evidence was offered was to show that the father was able to employ others to perform the service deceased was engaged in at the time of his death, and thereby have saved him from exposure to danger incident to that service, and it is insisted that such evidence was competent, under the ruling of this court in *Chicago and Alton Railroad Co.* v. *Gregory, Admr.* 58 Ill. 226, and other cases cited, where, in passing on the question of negligence of parents in the care of their children, it is said the same rule should not be applied to persons dependent for support upon their labor, and those whose resources enable a parent to give constant personal attention to the care of their children, or employ persons for that purpose. It is not pretended that deceased, on account of tender years or want of mental capacity, was incapable of taking care of himself, and therefore the ability of the father to watch over him, or employ others to do so, was wholly immaterial; and to say, as a matter of law, that because a parent may be able to raise his child in idleness, therefore he must do so, lest the child be exposed to danger in the performance of labor, would be monstrous. We find no error in admitting or excluding evidence.

The first, second, third and fourth instructions given on behalf of appellee are criticized by counsel for appellant, and a reversal insisted upon because they were given. We will notice them briefly in the order named.

The first and second define the duty of railroad companies in this State as to giving signals at public highway crossings, in the language of section 68, chapter 104, of our statute, and instruct the jury, that if, by reason of a failure of appellant's servants to perform that duty, deceased was killed, he being free from negligence, appellant would be liable. The principal objection urged to these is, that inasmuch as appellant's charter defines its duty as to the giving of such signals differently from the statute, it was error in the court below to require of appellant's servants a compliance with the statute. The question here sought to be raised is not an open one in this court. The right to impose these and other like duties upon railroad corporations, by statute, grows out of the police power which may be exercised by the legislature, at its discretion, as the public safety requires. (*Galena and Chicago Union Railroad Co.* v. *Loomis*, 13 Ill. 548; *Ohio and Mississippi Railroad Co.* v. *McClelland*, 25 id. 140; *Galena and Chicago Union Railroad Co.* v. *Appleby*, 28 id. 283. See, also, 2 Redfield on Railways, 423.) It is of the first importance that these duties, in the running and management of railroad trains, should be regulated by general statute, and that railroad employes be required to conform thereto, thus avoiding the confusion and increased danger to life and property which would result from the application of different rules to the many different railroads throughout the State.

Objections are urged to the phraseology of these instructions, but we think they are unimportant.

The third instruction, which is, "it is not necessary, in order to enable the plaintiff to recover, that any witness should swear positively that no bell was rung or whistle sounded upon the train in question at the distance of at least eighty rods from the highway crossing. It is sufficient, upon that question, if the jury believe, from all the evidence in the case, that no bell was rung or whistle sounded at a distance of at least eighty rods from the crossing,"—is not open to the criticism made

upon it, in view of the evidence in the case. It simply informed the jury that the fact in question might be proved by other than positive and direct testimony.

The fourth is as follows: "The jury are instructed that the rule of law as to negligence in children is, that they are required to exercise only that degree of care and caution which persons of like age, capacity and experience might be reasonably expected to naturally or ordinarily use in the same situation and under the like circumstances, provided that the parents or persons having the control of such children have not been guilty of want of ordinary care in allowing them to be placed in such circumstances." The giving of this instruction is urged as error, and is said to be directly contrary to the law in this class of cases. We find, however, in *Weick* v. *Lander,* 75 Ill. 93, which was an action by a father, as administrator, for the wrongful killing of his son, twelve years of age, it was said: "It is not to be expected that a boy twelve years old will use the same degree of caution and care as a person of mature years; nor does the law require it. It was proper for the jury, in passing upon the negligence of the deceased, to take into consideration his age and experience." In *Chicago and Alton Railroad Co.* v. *Becker, Admr.* 76 Ill. 25, (a similar action,) the deceased son being only six or seven years of age, it was again said: "The age, the capacity and discretion of the deceased to observe and avoid danger, were questions of fact, to be determined by the jury, and his responsibility was to be measured by the degree of capacity he was found to possess." (See, also, same case, 84 Ill. 483.) So in *City of Chicago* v. *Keefe,* 114 Ill. 222, the deceased being a lad between ten and eleven years of age, an instruction, given at the request of the plaintiff, limited the degree of care required of the deceased to such as, "from his age and intelligence, under the circumstances in evidence, was required." The phraseology was condemned, but it was held, that inasmuch as it was in effect the same as if it had been limited to "such care as might

be expected of a person of his age and discretion," there was no substantial error in giving it. And it was further said: "The circumstances in evidence are always to be taken into consideration in such cases, and if the intestate exercised such care as, under the circumstances, might be expected from one of his age and intelligence, it was sufficient." These decisions are in harmony with those of other States on the same subject, and but recognize the rule laid down by approved text writers on negligence. Shearman & Redfield on Negligence, sec. 49; Wharton on Negligence, sec. 309.

The instruction was proper, nor does it, as insisted, conflict with the twenty-fourth given on behalf of appellant, to the effect, that if said sons, or either of them, possessed the knowledge or the ability of adults, the law would exact the same degree of care and prudence of them as from older persons. The first announces the general rule as to negligence in children; the latter that such general rule would not apply to the deceased and his brother, if the jury should believe, from the evidence, they possessed the capacity of adults.

It is to be borne in mind that this is not, as counsel for appellant assume in argument, a suit by a parent for injury to his child, nor is it a case in which the deceased is shown to have been an infant, incapable of negligence or exercising any degree of care, in which case the contributory negligence, if any, is that of the parent, and not of the child. Hence the authorities cited in support of the position that this fourth instruction is inapplicable to the case, are not in point.

Defendant asked, but the court refused, to instruct the jury, that "the father is entitled to the earnings and services of his minor son until such son is twenty-one years of age, and the jury has no right to allow any damages in this case for any loss of services or earnings of Arthur B. Slater during the period of his minority." It is argued, with earnestness, that this instruction contained a correct rule of law applicable to cases of this kind in the admeasurement of damages. To the

contrary are the cases of *City of Chicago* v. *Scholten, Admr.* 75 Ill. 470, *Rockford, Rock Island and St. Louis Railroad Co.* v. *Delaney, Admr.* 82 id. 198, and *City of Chicago* v. *Keefe*, 114 id. 222.

It is suggested, but not seriously urged, that other instructions asked by appellant were improperly refused. Having examined them, and also those given, we are satisfied that no error was committed by the trial court, to the prejudice of appellant, in refusing instructions. Thirty-four were asked by appellant, many of them quite voluminous. Twenty-five were given. The issues in the case are few and simple. The trial court might, with great propriety, have refused many more than it did. Certainly appellant has no substantial ground for complaint that the jury was not fully and fairly instructed as to the law, on its behalf.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*