Wabash Railroad Company v. Charles Jones, a Minor, who Sues by His Next Friend, etc.

53  125
63  567
53  125
163s 167

1. Railroad Companies—*Right to Unobstructed Use of Track.*— A railroad company has the right of the unobstructed use of its track, subject, of course, to the mutual and reciprocal rights of the public at highway and other crossings designated by law. Having such right, the company may presume, and those in charge of its engines and trains may act upon the presumption that its rights in this respect will not be interfered with, unless it has notice to the contrary.

2. Trespassers on Railroad Tracks—*Duty of the Company.*—Precaution as to trespassers is not a duty devolving upon the company, unless there is reason within its knowledge to apprehend the presence of such persons at some particular place upon its track, or the company has notice that persons are likely to be upon the track at such point or place.

3. Railroad Companies—*Not Required to Anticipate Presence of Persons on its Track.*—In the absence of any knowledge or notice, a railroad company is not required to anticipate the presence of unauthorized persons upon its tracks, nor to constantly exercise vigilance in order to ascertain that the track is free, or to discover whether or not trespassers are on the track; its only duty in such cases being, to use every reasonable effort to avoid injuring any one who may have been discovered upon the track, and not to injure any person wantonly or willfully.

4. NOTICE—*To Railroad Companies of Persons upon its Track.*—The fact that inmates of dwellings along a railroad track are in the habit of using its track as a public walk, to and from their homes, is evidence tending to charge the company with notice that the track opposite these dwellings is in use as a walk by citizens who have occasion to pass in that direction.

5. RAILROAD COMPANIES—*Duty to Ascertain if Persons are upon the Tracks.*—The duty thus devolving upon the employes of the company, requires that they shall exercise reasonable care and diligence to ascertain if persons are upon the track, and a like degree of care to avoid inflicting injury upon any that may be discovered there.

**Memorandum.**—Action for personal injuries. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1893, and affirmed. Opinion filed February 12, 1894.

The opinion states the case.

APPELLANT'S BRIEF, GEO B. BURNETT, ATTORNEY.

The application of the doctrine of contributory negligence to the conduct of young children has led to considerable difference of opinion and conflicting decisions. Two opposing views commonly met with are, first, that up to a certain age a child is incapable of such conduct as will constitute contributory negligence, and that the court may so declare as a matter of law. The rule is said to be analogous to the rule of the common law, which exempts children under seven years of age from criminal responsibility and it has, accordingly, been held that children of eighteen months, two years, two years and ten months, of four years and under five, of six years, under seven years, and even seven years of age, are incapable of contributory negligence. Bishop's Non-contract Law, Sec. 586.

This rule seems to have been recognized by the Supreme Court in the following cases: R. R. Co. v. Becker, 84 Ill. 483; Same v. Gregory, 58 Ill. 226; Chicago v. Hessing, 83 Ill. 204; Gavin v. Chicago, 97 Ill. 66; R. R. Co. v. Gable, 88 Ill. 441; same v. Ryan, 131 Ill. 474; same v. Welsh, 118 Ill. 572.

The other view is that young children are bound to use such care only as is usually exercised by children of the

same age and degree of intelligence, and that it is always, therefore, a question of fact, to be determined by the jury, whether, in a given case, the child is in the exercise of proper care, his tender years, his intelligence, or want of it, and all the circumstances by which he was surrounded, being taken into account. Under this rule it is claimed it can never be laid down as a matter of law that any child, however young, is incapable of contributory negligence, it being always a question of fact for the jury. The following cases seem to support this rule: R. R. Co. v. Becker, 76 Ill. 25; Same v. Murray, 71 Ill. 601; Kerr v. Forgue, 54 Ill. 482; R. R. Co. v. Eminger, 114 Ill. 79.

Patton & Hamilton, attorneys for appellee.

Mr. Presiding Justice Boggs delivered the opinion of the Court.

This is an appeal from a judgment upon the verdict of a jury against the appellant company in the sum of $5,000 damages for injuries sustained by the appellee, a boy about nine years of age, who was struck and run down in the village of Riverton, by an engine and passenger train of the appellant company. The evidence in behalf of the appellee showed that at the time he was injured he was walking upon the track of appellant's railroad, not for any purpose of business connected with the company, or its road, but for his own mere convenience as a foot-path in order to reach the house of his father. The appellant company contends that in doing so he was a wrongdoer and a trespasser, and that the law imposed upon it no duty of exercising reasonable care to discover the presence of trespassers upon its track, but only required that reasonable care should be exercised to avoid injuring them after their presence should become known to its employes and servants. It urges that there was no evidence that the engineer controlling the engine at the time did see the boy, and that in order to exempt the plaintiff from the character of a trespasser and establish in him a legal right to be upon the track

at the time, and thereby cast upon the appellant company the burden of exercising ordinary care to discover his presence, the court, over its objection, improperly permitted the plaintiff to prove by a number of witnesses that the people of the village and of its vicinity were and for many years had been, in the habit of using appellant's track at the place where the boy was injured as a public foot-path. We do not think that this evidence was admitted for the purpose, as is supposed, of establishing a legal right in the plaintiff to be upon the track; at least its admission was proper for another purpose under the rules of the law, which, as we understand, are applicable to the contention. These rules may be succinctly stated as follows : A railroad company has the right of the unobstructed use of its track, subject, of course, to the mutual and reciprocal rights of the public at highway and other crossings designated by law. Having such right the company may presume and those in charge of its engines and trains may act upon the presumption that its rights in this respect will not be interfered with unless it has notice to the contrary. Precaution as to trespassers is not a duty devolving upon the company unless there is reason within its knowledge to apprehend the presence of such persons at some particular place upon its track, or the company has notice that persons are likely to be upon the track at such point or place. In the absence of such knowledge or notice a railroad company is not required to anticipate the presence of unauthorized persons upon its tracks nor to constantly exercise vigilance in order to ascertain that the track is free, or to discover whether or not trespassers are on the track; its only duty in such state of case being to use every reasonable effort to avoid injuring any one who may have been discovered upon the track, and not to injure any person wantonly or willfully. In support of the principles thus announced, we cite Ill. Cent. R. R. Co. v. Godfrey, 71 Ill. 500; L. S. & M. S. R. R. Co. v. Bodemer, 139 Ill. 609; Blanchard v. L. S. & M. S. R. R. Co., 126 Ill. 416; 1 Thompson on Neg. 448; Ill. Cent. R. R. Co. v. Noble, 142 Ill. 578; Ill. Cent. R. R. Co. v. Mammer, 72 Ill. 347.

Wabash R. R. Co. v. Jones.

If the evidence which it is complained was improperly admitted, tended to show that persons were likely to be upon the track of appellant road at the time when, and at the place where the appellee was injured, and that the appellant company had notice thereof and had reason to anticipate the presence of persons there, though trespassers, then if we are right as to the rules of law just announced, the evidence was competent and should have been, as it was, received and heard by the jury. It appeared from the testimony so complained of that the citizens of the village and of its vicinity had for nearly or quite twenty-five years made regular, open and frequent use of the track of the railroad where plaintiff was injured, as a public and common footpath. And further, that on the north side of the track of the railroad the lots of the village abutted upon the line of the right of way of the company, and that upon such lots were at least five dwelling houses in which dwelt citizens of the village and their families, among others that of the family of the father of the plaintiff, at whose house he had his home. These houses fronted the right of way and track of the appellant company, and were reached from the right of way by steps or approaches leading to the gates in the yard fences, the surface of the track being lower than that of the lots. Some of these steps rested upon the right of way, and there was evidence tending to show that one, at least, of the approaches was constructed of railroad ties. The father of the appellee testified that at one time the railroad section hands placed timbers across a little drain on the right of way to enable him to pass over to and from his house to the track.

It further appeared that the occupants of these dwellings, as well as other citizens of the village, were, and had for many years been accustomed to pass and repass along the railroad track to and from their homes to other parts of the village. The depot of the appellant road was less than two blocks west of this part of its track and in full view of it. It seems clear from the testimony, which it is urged ought to have been excluded, that the appellant company had knowledge of the

peculiar location of these dwelling houses on its right of way, and of the fact that the inmates of such dwellings were using its tracks as a public walk to and from their homes, and the evidence tended so strongly to charge the appellant with notice and knowledge that the track opposite these dwellings was in almost constant use as a walk by the citizens of the village generally and others living in its vicinity, who had occasion to pass in that direction, that we would not be warranted in interfering with the verdict of the jury if based upon a finding to that effect. Entertaining the views we have expressed of the law governing the case, and of the tendency of the proof complained of, it follows that we think the Circuit Court did not err in its rulings as to the admissibility of the evidence. Nor can we assent to the contention of the appellant that the court erred in refusing to instruct the jury that the evidence was not sufficient to warrant recovery by the plaintiff.

It appeared from the evidence that the plaintiff, at about the hour of ten o'clock in the forenoon of the day of the unfortunate occurrence, came to Riverton from Springfield on the passenger train which afterward struck and injured him. He alighted from the train at the depot, and walked along the platform until he had passed the engine which was drawing the train, and there left the platform and walked along the side of the railroad track until he reached the first street crossing, where he stepped upon the railroad track and was walking along it toward his home when he was run upon and struck by the engine and train from which he had just alighted. The day was bright and clear, the track from the depot to the place of the injury straight and level, and nothing intervened to obstruct the view of the engineer and fireman. The train moved upon the boy without ringing the bell or sounding the whistle. The engineer testified that he did not see him. The fireman was not produced as a witness. The evidence clearly showed that the boy was visible from the cab of the engine.

The jury had the right to judge of the acts of the engineer and fireman in the light of all the facts proven, and

were not even bound to accept the statements of the engi-
neer that he did not see the boy in the face of the proof
which militated so decidedly to the contrary, or if they did
accept it may have believed that he must have been seen by
the fireman. The presumption that he would have been
seen by the engineer or fireman had they been looking, seems
unavoidable. In commenting upon a similar state of evi-
dence the Supreme Court in I. C. R. R. Co. v. Noble, *supra*,
said: "Doubtless where the view is unobstructed, so that if
the engineer is at his post and in the proper discharge of his
duties the trespassing animals must be within the range of
his vision, the presumption will readily and perhaps neces-
sarily arise that he does see them, and his subsequent con-
duct as to being negligent, or otherwise, will be judged
upon that basis." It was not, however, indispensable that
the jury should have believed that either the engineer or
the fireman saw the boy. The jury were fully justified by the
evidence in finding that the appellant company had knowl-
edge of the frequent, general and regular use of its track as
a foot-path by the public, and particularly that such use was
being made of it by the members of the families having
their homes upon the lots adjoining its right of way, and the
evidence beyond this tended to show not only that it per-
mitted such use to be made of the track bu+ that it encour-
aged and invited it. Such knowledge          d with it due
notice that persons were likely to            n the track,
and operated to charge upon the compa        l its employes
when moving its engines and trains the       ` duty of tak-
ing such precaution for the safety of        )ersons as the
situation reasonably demanded. In C. &       R. Co. v. Dil-
lon, 123 Ill. 570, it was said: "Without j    to the statute
it is the duty of those having charge of t    to give notice
of their approach at all points of known o.   ;onably appre-
hended danger." The duty thus devolving       i the employes
of the company required in the case at bar    at they should
exercise reasonable care and diligence to asce tain if persons
were so upon the track, and the like degree of care to avoid
inflicting injury upon any that might be discovered there

In this the engineer or the fireman wholly failed, and because thereof liability to respond in damages for the injury arose.

All concede that the verdict must be supported if the evidence was sufficient to justify the belief in the minds of the jury that the injury to the appellee resulted from a wanton or willful act of the engineer. "What degree of negligence the law considers equivalent to a wanton or willful act," it is said in Thompson on Negligence, p. 1264, Section 53, "is as hard to define as negligence itself, and in the nature of things so dependent upon particular circumstances of each case as not to be susceptible of general statement; gross want of care, and reckless disregard of the safety of others, may arise and justify a legal presumption of willfulness." Hence, we may say that if the conduct and acts or omissions of the engineer or fireman, considered in the light of all the circumstances in proof in the case at bar, were so grossly negligent and in such utter disregard of the possible and probable consequences as to indicate that they were recklessly indifferent to the safety of others who, there was much reason to suppose, might be upon the track, and heedless whether they inflicted injury upon them or not, then the presumption that their conduct was wanton and willful would inevitably arise. And at this conclusion the jury may have arrived, and upon it may have based their verdict. The declaration alleges that the appellee, because of his tender years, was incapable of exercising due care and caution for his safety. Counsel for appellant insists that this allegation is not proven, and that it is not to be presumed that he was so incapable merely because it appeared that he was only of the age of nine years, and it is further insisted that it clearly appears that the appellee did not use due care for his own safety, and hence it is argued that the case must fail. It may be safely said it is not to be expected that a boy of nine years of age will exercise the same degree of caution and care as a person of mature years; nor does the law require it. It is enough if it appears that he used that degree of care and prudence which might and ought reasonably

to be expected of a person of his age, intelligence and discretion. Ill. Cent. R. R. Co. v. Slater, 129 Ill. 91. The appellee testified before the jury, and was cross-examined by appellant's counsel. It was competent for the jury to judge of his intelligence and discretion, from his appearance, deportment and manner while testifying upon the witness stand as well as from his statements. They had advantages superior to ours for arriving at a correct determination, and a careful examination of the evidence has led us to the conclusion that we would not be warranted in declaring that manifest error occurred in this respect. The judgment must be and is affirmed.