Economy Light & Power Co. v. Hiller.

Economy Light and Power Company and Chicago Telephone Company (Consolidated) v. Frederick Hiller, by, etc.

Gen. Nos. 4,260, 4,286.

1. ORDINARY CARE—*when instruction upon, is improper.* An instruction upon the degree of care which is required of a child, which is correct so far as it goes but which omits certain elements, is improper, but may be supplemented and cured by other instructions which supply the omitted elements; the giving of such an instruction is harmless error in a case where there is no pretense that contributory negligence is imputable under the facts.

2. VERDICT—*how directions as to form of, may be given.* Directions as to the form of a verdict are not deemed instructions in the strict sense and may be given orally or in writing.

3. VERDICT—*when directions as to form of, do not constitute error.* Where the court upon its own motion gives to the jury a written instruction as to the form of the verdict but omits specifically to inform the jury therein that they may find one of the defendants guilty and the other not guilty, reversible error is not committed, it being the duty of the defendants, if they desire such an instruction, to have prepared and submitted an instruction upon the point.

Action on the case for personal injuries. Appeal from the Circuit Court of Will County; the Hon. JOHN SMALL, Judge, presiding. Heard in this court at the October term, 1903. Affirmed. Opinion filed March 14, 1904.

KNOX & AKIN, HOLT, WHEELER & SIDLEY, and J. L. O'DONNELL, for appellants.

J. W. D'ARCY, for appellee.

MR. JUSTICE VICKERS delivered the opinion of the court.

Frederick Hiller, a minor, by his next friend, brought this action against the Economy Light & Power Company and the Chicago Telephone Company for injuries caused by coming in contact with a live wire of the last named appellant on October 23, 1900, and a verdict for $5,000 was returned by the jury, and after a remittitur of $2,500, the trial court overruled the motion for a new trial and rendered judgment jointly against appellants. They prosecute separate appeals which have been consolidated in this court and will be considered together.

At the time the injury complained of was received by Frederick Hiller, his brother, Charles Hiller, also a minor, was injured by the same means and under substantially the same circumstances that appellee received his injuries. Charles Hiller brought a suit against the appellants, charging them jointly with negligence and recovered a judgment which was appealed to this court and was affirmed on January 27, 1903. We take the following statement of facts from the opinion of Justice Higbee, which is a clear and concise statement of the circumstances as shown by the proofs in the present appeal.

"The proofs show that Hickory street in the city of Joliet runs north and south; that a block east of Hickory street and parallel to it, is a street known as Broadway, and crossing the two streets at right angles is Division street; that at the time in question the Economy Light & Power Company, a corporation engaged in the business of furnishing electric light and power to its patrons, ran its electric light wires north and south along Hickory street; that at the corner of Hickory and Division streets these wires passed over the wires of the Chicago Telephone Company, a corporation engaged in furnishing telephone service in said city, which had wires running east and west along Division street; that the telephone company also had wires running south from Division street on the east side of Broadway to a pole about 200 feet south from the corner, standing in front of St. Joseph's Hospital; that the telephone wires were not insulated and between the corner and said pole, passed between the branches of several shade trees; that from the corner of Hickory and Division street a branch lead of the electric light wires ran east to the corner of Division and Broadway and then diagonally across the street to a transformer attached to the pole above mentioned, from which wires were extended for lighting purposes into the hospital; that between Division street and the pole in front of the hospital, the insulation upon the electric light wires was poor and in places was entirely off; that a short distance north of the corner of Hickory and Division streets a pole bearing the electric light wires, was leaning over at an angle of about forty-five degrees which caused the wires to sag, so that at said street corner the lower electric light wire was only two or three inches above the wires of the telephone company, and that

at the place of crossing the insulation on the electric light wires was ragged and worn; that on the night of October 22nd there was a heavy rain storm, and in the morning it was discovered that the electric light wire had sagged down at said street crossing, until the lower one came in contact with the telephone wires; that during the night the telephone wire was burned off a short distance north of the pole in front of the hospital, and fell across the electric light wires to the ground; that between eight and nine o'clock on the morning after the storm, appellee, then a boy twelve years old, and his brother, with other children, were going along the street and noticed the broken telephone wire; that one boy picked it up and afterwards another, the latter receiving a slight shock; that a brother of appellee took hold of the wire and received a severe shock which knocked him down, and appellee, in attempting to rescue him, came in contact with the wire, was also knocked down, received severe injuries and became unconscious." See Chicago Telephone Company v. Hiller, 106 App. 306.

The appellants in Charles Hiller's case prosecuted a further appeal from this court to the Supreme Court and the decision of the Supreme Court, affirming the Appellate Court, is reported in Economy Light & Power Company, et al., v. Hiller, 203 Ill. 518.

The foregoing decisions of this court and the Supreme Court virtually dispose of all the questions presented in this case except that it is contended here the trial court erred in giving instructions for appellee and that the verdict is excessive. Only two instructions were given for appellee, while appellants offered none. The instruction which is complained of is as follows: "Reasonable care means that degree of care which an ordinarily prudent and careful person of the same age would exercise under similar circumstances and surroundings." The objection to this instruction is that it omits to tell the jury that in determining the degree of care which the appellee was required to use, the jury should consider not only the age but also the experience and discretion of appellee. In Weick v. Lander, 75 Ill. 93, our Supreme Court say: "It was proper for the jury in passing on the degree of care required of the plaintiff

to take into consideration his age and experience." And in City of Chicago v. Keefe, 114 Ill. 222, the instruction on this point was that the intestate (a child ten years old) should exercise such degree of care "as from his age and intelligence, under the circumstances in evidence, was required." The court sustain the instruction and while criticising its phraseology say: "The circumstances are always to be taken into consideration in such cases and if intestate exercised such care as under the circumstances might be expected from one of his age and intelligence, it was sufficient." And again in Illinois Central Railroad Company v. Slaten, 129 Ill. 91, our Supreme Court review and approve the foregoing authorities and say: "These decisions are in harmony with the decisions of other states on the same subject and but recognize the rule laid down by approved text writers on negligence;" citing Shearman & Redfield on Negligence, sec. 49; Wharton on Negligence, sec. 309. In Illinois Iron and Metal Co. v. Weber, 196 Ill. 526, the following instructions were held erroneous:

"If the jury believe and find from the evidence that plaintiff, while in the exercise of ordinary care for a boy of his age, was injured by and in consequence of the negligence of the defendant, as charged in the declaration, then you should find the defendant guilty.

"If you believe and find from the evidence, that plaintiff was exercising ordinary care for a boy of his age, and that the wagon of defendant which struck plaintiff could have been stopped by the driver of the defendant in charge of the wagon, by the exercise of ordinary care on his part, in time to prevent injuring the plaintiff after he (the driver) became aware or might have become aware (by the exercise of ordinary care) of plaintiff's imminent danger of being struck by said wagon, then you should find the defendant guilty."

The court say in that case that these instructions "directed the jury to return a verdict for the plaintiff if they found he was in the exercise of ordinary care for a boy of his age and the defendant was negligent and the injury resulted. That was not a correct rule of law, since the question of care was not to be determined alone by the

plaintiff's age, but also from his intelligence, experience and ability to understand and comprehend dangers and care for himself. The case was one in which the defendant was entitled to correct instructions upon that question. It was a question whether plaintiff was not guilty of negligence in riding where he did, in a procession of teams, outside of the box, behind the end gate of the wagon. The position was a dangerous one, not provided or used for passengers or intended for such use." In the case above quoted from, the boy had voluntarily selected his position in a place which was obviously dangerous. He was a newsboy and had sold papers for about three years in Chicago, and had frequently ridden on wagons before. His injury was received by the end of the tongue of the wagon next behind him running against him when the wagon on which he was riding had stopped at a crossing to permit a street car to go by. It was a close question of fact in that case whether the plaintiff was not guilty of contributory negligence, notwithstanding his age, when all of the other facts bearing upon that question are considered.

Again, the instructions given in 196 Ill., *supra*, assume a state of facts which, if believed by the jury, entitle the plaintiff to a verdict and each of them conclude with the direction to find for the plaintiff if the facts therein are found proven, and it is a rule recognized in this state that where an instruction directs a particular verdict if the jury should find certain facts, the instruction must embrace all the facts and conditions essential to such a verdict. See 196 Ill., *supra*, and cases there cited.

The instruction under consideration in this case does not assume a particular set of facts and direct a verdict if the jury should find such facts to be proven. The most that can be said of the instruction is that it is an incorrect definition of the care which is required of a child, and its inaccuracy consists in leaving out some of the elements necessary to a complete and full definition. The instruction is correct as far as it goes, but the difficulty and the only difficulty is that it does not go far enough. Such a defect in

an instruction is curable by other instructions which supply the omitted elements. There are, however, no other instructions given the jury in this case upon that point nor was any offered by appellants supplying the omission. Notwithstanding the objection to this instruction, which under some circumstances would be reversible error, yet in the case at bar we hold that inasmuch as there is no pretense that contributory negligence is imputable to appellee under the facts, the failure of the court to correctly define the degree of care required of appellee is merely harmless error. If upon the facts, the case was one where it might reasonably be contended that the appellee was guilty of contributory negligence notwithstanding his age, then the case would be controlled by the 196 Ill., *supra;* but here the appellee, a boy of eleven years of age, was on the public street where he had a right to be and in company with his brother, Charles, and some other boys, and discovering the broken telephone wire upon the ground, these boys picked it up and some of them held it in their hands and in front of their mouths, called and said " Hello, Central." This was done without any injury whatever before appellee took hold of the wire, but when appellee took hold of it and had walked a few steps, holding the wire and saying, " Get up, horsey," the current of electricity from the Economy Light & Power Company's wire came in contact with the wire which appellee held in his hands, inflicting the injury. Seeing these other boys handling the wire with safety immediately before he took hold of it, it could not reasonably be claimed that, had appellee been an adult, his picking up the wire immediately afterwards without any knowledge of its contact with the electric light wire, would be contributory negligence. Neither in the briefs of counsel in this case nor in the opinion of the Appellate and Supreme Court in Charles Hiller's case, is the question of contributory negligence of appellee or his brother discussed or referred to.

The court on its own motion gave the jury the following instruction as to the form of the verdict:

" The court instructs the jury that if they find for the

plaintiff and against both defendants, they may sign and return the following verdict after inserting the amount of damage, to wit: ' We, the jury, find the defendants guilty as charged in the declaration, and assess the plaintiff's damages at the sum of ———.'

" The court instructs the jury that if they find for the defendants they may sign and return the following verdict, to-wit : ' We, the jury, find the defendants not guilty.' "

Complaint is made that the court erred in not advising the jury that one of the defendants might be found guilty and the other not guilty, and the cases of City of Chicago v. Moore, 139 Ill. 201, and Morrill v. Lindemann, 86 App. 75, are relied on in support of appellants' contention. The Moore case has no application to the point in question. It is there decided that " It is proper for the judge to prepare his own charge to the jury, but if he does so, he should embody in it, either literally or in substance, all proper instructions asked by counsel." In the Lindemann case, the trial judge told the jury in unequivocal terms that their verdict should be in one of the following forms: " We, the jury, find the defendants guilty, and we assess the plaintiff's damages at the sum of ———. We, the jury, find the defendants not guilty;" and it was held error when, under the evidence, one of the defendants might have been found not guilty, and the other guilty.

In the case at bar, there is no such peremptory directions to find both defendants guilty in case the jury find for the plaintiff, but on the contrary, there is a clear intimation that the jury may find one guilty and the other not guilty. The jury are told " If they find for the plaintiff and against *both* defendants, they may sign and return the following verdict." Directions merely as to the form of the verdict is not an instruction as to the law, and may be given either orally or in writing. Illinois Central Ry. Co. v. Wheeler, 149 Ill. 525. Had appellants desired the jury instructed upon the question of the power of the jury to find one defendant guilty and the other not guilty, their counsel should have prepared an instruction upon this point and asked that it be given. Having failed to do so, no just

grounds of complaint exist against the action of the court because it did not embody it in his direction to the jury as to the form of verdict.

Complaint is made that the damages are excessive. We have gone through the evidence bearing upon the nature and extent of appellee's injuries, and we see no cause for disturbing the verdict for this reason.

Finding no error in this record for which the judgment should be reversed, the judgment is affirmed.

*Affirmed.*