## CHICAGO & ALTON RAILROAD COMPANY

*v.*

## JOHN GREGORY, by his next friend.

1. NEGLIGENCE—*in railroads—injury to persons.* A child not quite five years old, and of diseased intellect, strayed to the railroad track, which was near the residence of its parents, in the village of Brighton, and was seriously injured by a train of cars which passed through the village with great speed, and without stopping. The mother of the child had left the house but a few minutes before the accident, to perform a necessary household duty, leaving the child in the care of his sister eight years of age, and on her return discovered that he had strayed to the track, and before she could recover him he was struck by the train and seriously hurt. In an action against the company, it was *held,* there was no negligence on the part of either the mother or injured child; but that the company was chargeable with great negligence, in permitting one of its fastest trains to run with unabated speed through the town, where persons are liable at all times to be on the open track, and should be held responsible.

2. SAME—*infants—when not chargeable with.* Negligence can not be imputed to a child under five years of age, especially to one of less than ordinary mental capacity.

3. Nor in such case can it be said that the parent failed to exercise reasonable care. The same rule should not be applied to persons dependent for support upon their labor, and to those whose means enable the parent to give a constant personal attention to the care of children, or employ a person for that purpose.

4. Damages—*whether* *excessive*. And, in such case, a verdict for $3,833.33 is not excessive; the plaintiff being a hopeless imbecile and without means of support.

Appeal from the Alton City Court; the Hon. Henry S. Baker, Judge, presiding.

Mr. A. W. Church, for the appellant.

Messrs. Wise and Yager, for the appellee.

Mr. Chief Justice Lawrence delivered the opinion of the Court:

This was an action brought in the name of a minor, by his next friend, against the Chicago & Alton R. R. Company for injuries received by plaintiff. The trial resulted in a verdict for plaintiff of $3,833.33.

It appears the parents of the plaintiff, a child not quite five years old, lived very near the railway track, in the village of Brighton. The mother had gone out to milk, leaving the child in the care of his sister eight years old, and returning in a few minutes discovered he had strayed to the track. She went hastily towards him and called to him at the same time, but the child ran down the track. Almost immediately the fast train came along at great speed, not stopping at the depot, and striking the child threw him into the air. The child was somewhat peculiar before, but since the injury he has been nearly or quite idiotic.

We have felt and still feel a good deal of doubt in regard to this case, but have finally decided to affirm the judgment. We can not impute negligence to a child of such tender years, especially to one of less than ordinary mental capacity. On discovering the approach of the train its impulse would doubtless be to run away, but it would be as likely to run down the track as away from it. It could not comprehend the object and use of the rails.

Is, then, the mother chargeable with negligence? She seems to have exercised all reasonable care. The same rule should not be applied to persons depending upon their labor for support, and to those whose means enable the mother of the family to give a constant personal attention to the care of children, or to employ a nurse for that purpose. Here the mother had left the house for a few minutes to perform a necessary piece of labor, leaving the boy in charge of his sister, but little older than himself, but probably the only person the mother could provide to look after him during her brief absence. When she returns her first inquiry is for the boy, and she goes in pursuit of him, but too late. If she had heard the train coming, it might be said she should have left her work to look after the boy, but the weight of the evidence is, the train neither rung a bell nor blew a whistle.

While so little negligence can be charged upon the mother, and the child was not old enough to be responsible, what is the position of the defendant? We waive the question of a failure to ring the bell or sound the whistle, the evidence on that matter being contradictory, and it being very probable that neither bell nor whistle would have prevented the accident. The train was running with great speed which it did not slacken as it passed through the town. We consider this, of itself, great negligence. We can not regard the saving a few minutes of time, in making the journey between Chicago and Alton, a matter of such importance as to justify a railway company in permitting its fastest trains to dash with unabated speed through villages, where men, women and children are liable at all times to be on the open and unguarded track. There may be less danger in this practice than there would seem to be at first sight, and accidents may be less common than one would suppose; but that it must be dangerous, is self-evident, and the law requires of these companies the greatest precautions for the safety of human life. In this view we must sustain the finding of the jury in the present case.

All the members of the court concur in the foregoing views, and a majority are of opinion the damages are not so excessive, as to require a reversal of the judgment. The boy is probably a hopeless imbecile for life, with no means of support, except the proceeds of this verdict.

*Judgment affirmed.*