# THE CITY OF CHICAGO

*v.*

# WASHINGTON HESING, Admr. etc.

1. NEGLIGENCE—*in respect of parents' care of child drowned.* In an action against a city to recover damages for the death of a child four years old, by falling into a ditch filled with water, a failure to keep a constant watch of the child can not be imputed as negligence on the part of the parents, where they are persons who have to labor for a living, nor can negligence be imputed to the child, on account of its age.

2. SAME—*in respect to rescuing child.* The fact that a mother, on discovering that her infant child had fallen into a ditch of water, failed to take the most prompt measures to rescue it, will not be imputed as negligence, where it appears that she was so greatly excited as to be incapable of calm and deliberate judgment.

3. SAME—*leaving a ditch of water in a public street of a city.* It is gross negligence on the part of a city to leave a ditch, filled with water, about five feet deep, in a public and frequented street, bordering on a sidewalk, without any guards to prevent children from falling into the same, and if a child is drowned by falling into the same, the city will be liable.

4. EXCESSIVE DAMAGES—*for death of child through negligence.* In an action on the case against a city, to recover for the death of a child caused by negligence on the part of the city, $800 damages was not considered as excessive.

5. DAMAGES—*proof of in action for causing death of child.* Where a minor child is drowned through negligence, the law will imply a pecuniary loss to its father, and in an action to recover for the same, proof of actual services rendered of a pecuniary value is not necessary, nor is it that any witness should express an opinion as to the value of services that may have been or might be rendered to the next of kin. When proof of the age and relationship is made, the jury may estimate the pecuniary damages from the facts proven, in connection with their own knowledge and experience.

6. INSTRUCTIONS—*error not sufficient to reverse.* The giving of an instruction slightly inaccurate, but which, under the facts of the case, could

not have worked to the prejudice of the party complaining, or have misled the jury, will not justify the reversal of the judgment.

7. SAME—*repeating.* There is no error in refusing instructions embodying the same principles with others which are given.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action on the case, by Washington Hesing, administrator of the estate of Max Werner, deceased, against the city of Chicago, to recover damages caused by the death of the intestate through negligence on the part of the city.

Mr. EGBERT JAMIESON, for the appellant.

Messrs. LEAKE & VOCKE, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was to recover damages resulting to the next of kin to Max Werner, who came to his death by drowning in a ditch filled with water, in a street immediately in front of the residence of his parents. Deceased was less than four years old, and while his mother was engaged with her ordinary labor, he left the house and, in some manner not explained, fell into the ditch, and was not rescued until life was extinct.

No negligence is imputable either to the deceased or his parents. The child was too young to observe any care for its personal safety, and its parents omitted no reasonable care for its protection. The parents of the child are laboring people, and had to be constantly employed. When the accident occurred, the father was at work in a lumber yard not far distant, and the mother was engaged in her usual domestic affairs. The law has not required that persons in their station in life shall keep a constant watch over their children, nor can the want of such care be imputed to them as negligent conduct. The former decisions of this court are conclusive on this branch of the case. *City of Chicago* v. *Major*, 18 Ill. 349; *Chicago and Alton Railroad Co.* v. *Gregory*, 58 Ill. 226.

It is suggested the mother was guilty of negligence or some omission of duty after she discovered her child was in the water, in not rescuing it sooner. We do not think so. On discovering the condition of her child, she gave the alarm, and her neighbors came to her assistance. It may be she did not act as many would have done under the circumstances, but it could not be expected she would act with that calm and deliberate judgment persons would exercise under no excitement The physician described her, on his arrival a few moments after the accident, as bereft of her senses, holding her dead child in her arms and refusing even to allow him to touch it. Under the circumstances, it would be most unreasonable to declare she was guilty of contributory negligence because she may not have adopted the speediest and best way to extricate her child on the instant she discovered the appalling fact of its peril. Such a conclusion would be abhorrent to our sense of justice.

But most important of all inquiries in the case is, whether defendant was guilty of negligence that contributed to produce the death of plaintiff's intestate. On this point we think there can be no doubt. This ditch was in the street, bordering on the sidewalk, which was very narrow, was in front of the residence of the parents of deceased, was filled with water to the depth of near five feet, and was without guards of any kind whatever to prevent children or other persons from falling into it. It was situated in the midst of a dense population, and had been there so long the city officers must have been perfectly familiar with its location and existence. Unless protected by suitable guards, it was a most dangerous place. It was gross negligence in the city to permit the existence of anything so dangerous in a public street much frequented, where the slightest indiscretion on the part of a child would expose it to imminent peril, if not death. There is no excuse shown for the conduct of the city authorities in this regard. It was a plain and palpable omission of duty. *City of Chicago* v. *Major, supra.*

Only pecuniary damages can be recovered in such actions

as this. Nothing can be given as solace or for bereavement suffered. Under instructions declaring the true rule for estimating the damages, the jury found for plaintiff, in the sum of $800, but one of the errors assigned is, the amount found is excessive. As a matter of law, we can not so declare, and as a matter fact, how can we know the amount is in excess of the pecuniary damages sustained? When proof is made of the age and relationship of the deceased to next of kin, the jury may estimate the pecuniary damages from the facts proven, in connection with their own knowledge and experiences in relation to matters of common observation. It is not indispensable there should be proof of actual services of pecuniary value rendered to next of kin, nor that any witness should express an opinion as to the value of services that may have been or might be rendered. Where the deceased was a minor, and left a father who would have been entitled to his services had he lived, the law implies a pecuniary loss, for which compensation, under the statute, may be given.

As was said in *Chicago and Alton Railroad Co.* v. *Shannon*, 43 Ill. 338, what the life of one person is worth, in a pecuniary sense, is a question incapable, in its nature, of exact determination. How this pecuniary damage is to be measured, and what shall be the amount, must be left largely to the discretion of the jury. The rule declared has been adhered to in recent cases in this court, arising under this statute.

In *The City of Chicago* v. *Major, supra*, a verdict for precisely the same amount as in this case was sustained for causing the death of a child four years old. Under the rule established, we do not see how we can disturb the verdict, or even say it is excessive. Certainly it is not so great as to appear to be oppressive, or as being the result of passion and prejudice.

Objections are taken to but one of the instructions given for plaintiff, and that has relation to the doctrine of comparative negligence. It is slightly inaccurate, but it contains nothing that, by any possibility, could have misled the jury, under the evidence. As we have seen, the parents were guilty of no negligence whatever in regard to the care of the child,

and the doctrine of the instruction, even if it had been stated with entire accuracy, would have had no appropriate application to the case. It is conclusively proven defendant was guilty of gross negligence in permitting the existence of that which caused the death of the child. That was the only controverted question in the case. There was no such thing as the comparative negligence of the parties involved, and an instruction upon that subject was useless. It might properly have been refused, but the giving of it did not, in our opinion, prejudice defendant in the slightest degree.

The substance of defendant's refused instructions was contained in those given, and there was no error in refusing to give others embodying the same principle. Indeed, the instructions state the law very favorably for defendant's theory of the case, and on that score there can be no just complaint.

On the whole record, we think justice has been done, and the judgment will be affirmed.

*Judgment affirmed.*