Chicago and Alton Railroad Company

*v.*

David Becker, Admr.

| 84 | 483 |
| 22a | 228 |
| 84 | 583 |
| 29a | 237 |
| 84 | 483 |
| 33a | 452 |
| 84 | 483 |
| 35a | 348 |
| 84 | 483 |
| 138 | 379 |
| 84 | 483 |
| 142 | 190 |
| 84 | 483 |
| 58a | 151 |
| 84 | 483 |
| 81a | 612 |
| 84 | 483 |
| 88a | 244 |
| 84 | 483 |
| f95a | ³318 |
| 84 | 483 |
| 98a | ²547 |
| 84 | 483 |
| 196 | ²422 |
| e196 | ²423 |
| 101a | ⁴487 |

1. Negligence—*railroad running trains at rate prohibited by law.* It is gross negligence on the part of a railroad company, to run its trains through a town at a rate of speed prohibited by law, and if the company does so run its trains, and thereby causes the death of a person who is himself in the exercise of due care and caution, it is liable in an action by the representatives of the person so killed.

2. Same—*rule as to adult not applicable to infant.* The general rule is, that a person approaching a railroad crossing is required to look up and down the track, in either direction, and watch for the approach of trains, before attempting to cross, and if such precaution is neglected and injury to the party ensues, he can not recover; but this rule can not be applied to an infant of tender years.

3. Same—*parents permitting children to cross railroad track.* It is not negligence in parents to send a child of six or seven years of age to Sabbath school, in company with and under the care of an older brother, in a village through which a railroad track runs, and which track the children have to cross in going to and returning from the Sabbath school; but it might be otherwise to permit such infant to go alone.

4. Excessive damages—*in such case.* A judgment in such case for $2000, was not regarded as so far excessive as to call for a reversal of the judgment.

Appeal from the Circuit Court of Logan county; the Hon. Lyman Lacey, Judge, presiding.

Messrs. Williams, Burr & Capen, for the appellant.

Messrs. Hoblit & Foley, and Messrs. Beason & Blinn, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This case was before us at the January term, 1875, when the judgment previously rendered in the circuit court was reversed, and the cause remanded, on the ground that erroneous instructions had been given to the jury for the plaintiff. The decision then announced is reported in 76 Ill. p. 25. After the cause was remanded another trial was had, resulting in a verdict and judgment in favor of the plaintiff, for $2000. It is not claimed that, in the last trial, there was error in the admission of evidence, or in the instructions given the jury; but the defendant insists upon a reversal of the judgment on the ground that the evidence is insufficient to warrant a recovery, and the damages are excessive.

The accident resulting in the death of Frederick Becker, occurred in Atlanta, a town on the Chicago and Alton Railroad. On the first trial it did not appear, from the evidence, that the train which ran over and killed the deceased was running at a rate of speed prohibited by law, but on the last trial the plaintiff read in evidence the ordinances of the town which prohibited trains from running in the incorporated limits of the town at a rate of speed exceeding four miles per hour. The defendant concedes, when the accident occurred, the train was running six miles per hour, and the witnesses of the plaintiff fix the rate of speed of the train at from twelve to eighteen miles per hour. Waiving the question whether the evidence of the plaintiff or defendant, upon this point, is entitled to the greater credit, in any event, the question is not controverted that the train was running through the town at a rate of speed prohibited by law. The town of Atlanta, as appears from the evidence, consisted of from fifteen hundred to two thousand inhabitants, with the defendant's track running nearly through its geographical center. The people of the town were constantly crossing and recrossing its track. Under such circumstances, no argument is

needed to demonstrate the great danger to which property and life may be exposed, where a train, consisting of some twenty cars, as was the train in question, is run through a town of the size of Atlanta, at a high rate of speed. In *Chicago and Alton Railroad Co.* v. *Gregory*, 58 Ill. 226, it was expressly held to be great negligence on the part of a railroad company, to run its trains through a town at a rate of speed prohibited by law. That the train in question was so run is not denied. If, then, the rate of speed of the train caused or materially contributed to the injury, and the deceased, taking into consideration his age and all the surrounding circumstances, was in the exercise of due care and caution, there can be no doubt in regard to plaintiff's right of recovery.

The deceased was a boy between six and seven years of age. He, on the Sunday of the accident, was sent by his parents, in company with his brother—a boy ten or eleven years old— to Sunday school. In order to reach the church where the school was held, they had to pass west on Vine street and cross the track of the railroad. On approaching the track the view of a train coming from the north was obstructed, except that it might be seen through a space between two buildings, until a switch, running parallel with the main track, was reached, which is only eight feet distant from the main track. This was the situation when the deceased and three other boys reached the crossing, and the train was then discovered coming from the north. The three elder boys succeeded in crossing in safety; but, in attempting to cross, the deceased stumbled and fell upon the track, and was run over by the train and killed.

It is true, when a person approaches a railroad crossing, the law requires him to look up and down the track, in either direction, and watch for the approach of trains before attempting to cross; and when an injury has been received on account of a failure to observe such a reasonable and safe precaution, no recovery can be had. *Chicago, Burlington and Quincy Railroad Co.* v. *Van Patten*, 64 Ill. 510. This we understand to be the general rule; but it can not be applied to a

case where the person injured is an infant of such tender age that the requisite capacity to exercise proper care and discretion is wanting. While the deceased was, no doubt, possessed of ordinary intelligence, and was as capable of using as much caution for his safety as other boys of his age, yet it is not to be expected of a boy between six and seven years of age, that the same caution and care will be used, for personal safety, as will be exercised by a person of mature age, and the law will not impute negligence to an infant of such tender years. *Kerr* v. *Forgue*, 54 Ill. 484; *Chicago and Alton Railroad Co.* v. *Gregory*, 58 Ill. 226.

Nor can it be said the parents of the deceased were guilty of negligence in allowing the deceased to be upon the street. He was placed in the care of an older brother, and the two were sent to Sabbath school. Had he been sent alone, there might have been more ground for charging them with negligence; but the parents used as much precaution as could have been expected, and as much as is usually observed by parents with their children. We are, therefore, of opinion the jury were warranted in finding the parents were free from negligence, and that the deceased could not be required to use as much care and caution as one older in years, and hence negligence was not to be imputed to him.

The amount of the judgment in this case is large; but we do not regard it as so excessive as to justify an appellate court to interfere. The amount is not so large as to justify the inference that the jury was actuated by passion or prejudice. It is true, in an action of this character, the recovery must be confined to the pecuniary loss, but the amount of damages was a question of fact for the jury, and while we would have been better satisfied with the amount had it been less, still we perceive no ground for interfering with the judgment. It must be affirmed.

*Judgment affirmed.*