SIMON STAFFORD et al.

v.

HARRY RUBENS, Admr.

*Filed at Ottawa November 14, 1885.*

1. NEGLIGENCE—*parents permitting child to be upon street—whether under proper protection—applicability of an instruction.*   In an action by the personal representative of a deceased child to recover damages for causing its death by negligently leaving water pipes in a public street in an unsafe condition, so that one of them rolled over the child and killed it, the defendant asked the court to instruct the jury that if they believed the parents of the child, or either of them, negligently and carelessly allowed a child of the age of three years and five months to go unprotected upon the public street, and without which negligence on their part the injury would not have happened, then they were guilty of such negligence as to defeat a recovery. The evidence showed the child was accompanied by a brother some four years older: *Held,* as applied to the facts, the instruction was properly refused.

2. SAME—*measure of recovery, for causing the death of a child.*   In an action to recover damages arising from the death of a child of the age of three years and five months, caused by negligence of the defendant, the latter asked the court to instruct the jury that if they believed, from the evidence, that the father and mother of the child were not dependent on her for support, in whole or in part, they could find only nominal damages, which was refused: *Held,* properly refused.  The law implies a pecuniary loss to a father from the death of his minor child for loss of its services, and he may recover compensation under the statute.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. R. W. SMITH, for the appellants.

Mr. JOHN McGAFFEY, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This is an appeal from a judgment of the Appellate Court for the First District, affirming a judgment in favor of the

plaintiff, entered upon a verdict. The action was to recover damages for the killing of a child three years and five months old, alleged to have been occasioned through the defendant's negligence in leaving water pipes in a street in an unsafe condition, from the rolling over of one of which upon the child, it was killed.

The only errors of law insisted upon, are in refusing to give the following instructions asked by the defendants:

"1. If the jury believe, from the evidence in this case, defendants' teamsters, O'Donnell and Brophy, unloaded the pipes at the place testified to, and protected the pipes by placing a brick in front of the pipe nearest the ditch, and that said pipes remained in the position where they were left, for twenty-four hours or more, and would have continued to remain on the spot where they were left by said teamsters if not disturbed by some outside force, and if the jury further believe, from the evidence, that said pipes were disturbed by the deceased, or by some persons other than said teamsters or the defendants, and that such disturbance caused the pipes to roll upon and kill the deceased, then the plaintiff in this suit can not recover.

"5. If the jury believe, from the evidence, that the parents of the deceased, or either of them, negligently and carelessly allowed a child of the age of three years and five months to go unprotected upon the public street, and without which negligence on their part the injury would not have happened to her, then they were guilty of such negligence in the care of said child as will prevent a recovery in this suit, unless the jury believe, from the evidence, that the injury was caused by the willful, intentional or wantonly reckless acts of the defendants or their teamsters.

"6. In this case, if the jury should find the defendants guilty, they can only assess such damages in favor of the plaintiff as the evidence in the case will warrant, by reason of the death of Mary Schock. And if the jury find, from the

evidence, that the father and mother of Mary Schock were not dependent on her for support, in whole or in part, then the jury can only find nominal damages against the defendants."

The court did give this instruction asked by the defendants, viz:

"3. If the jury believe, from the evidence, that the teamsters, O'Donnell and Brophy, left the pipes in question upon the street, and so secured and protected that they would have remained there unless disturbed by some considerable force, they exercised all the care and prudence that could be required of them; and if the jury believe, from the evidence, that they did exercise such care and prudence, then the plaintiff in this suit can not recover, and the verdict must be for the defendants."

The first refused instruction, so far as entitled to be given, was substantially embraced in this one, which was given, and so there occurred no error in the refusal of it.

As respects the second above instruction refused, the evidence shows the deceased was accompanied by a brother some four years older, and as applied to the evidence, we think there was no error in the refusal of the instruction. In *City of Chicago* v. *Hesing*, 83 Ill. 204, the allowing a child four years of age to go upon the streets unaccompanied by any one, was held not to be negligence to debar a recovery,— the child falling into a ditch and getting drowned.

The other refused instruction stands condemned by the authority of that case, where it was held that "where the deceased was a minor, and left a father who would have been entitled to his services had he lived, the law implies a pecuniary loss for which compensation under the statute may be given."

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*