The Chicago and Alton Railroad Company

*v.*

Hattie Logue, Admx.

*Filed at Mt. Vernon November 4, 1895.*

1. Appeals and errors—*questions raised on appeal by motion to instruct for defendant.* In an action for the negligent killing of a child, a request to instruct for defendant presents, on appeal, only the question whether the evidence tends to establish the case, and not whether the evidence proves the negligence charged or whether the parents of the child were guilty of contributory negligence.

2. Negligence—*parent's negligence may be attributed to child.* Negligence of the parent of a young child, which contributes to the child's injury, is imputed to the child, especially if the parent is present, and the negligence consists of some act or omission.

3. Same—*what is not negligence of parent per se.* It is not negligence *per se* in the mother of a child twenty-one months old, who resided in a depot building near a railroad, not to have prevented its getting upon the tracks in front of an approaching train, where such child was in a room of the building and the mother only withdrew her attention two or three minutes, and then saw the child on the track too late to rescue it.

4. Railroads—*failure to give signal at crossing—resulting death of child.* The duty to give the statutory signal upon approaching a crossing is not inapplicable, in a suit for the negligent killing of a child twenty-one months old upon such crossing, on the ground that so young a child would not have heeded the signal, since calling the attention of the parents, who were near, might have enabled them to save the child's life.

5. Amendments—*discretion of trial court in permitting.* The permitting of amendments to pleadings, and the terms thereof, are matters in the judicial discretion of the trial court, which will not be reviewed unless abused.

6. Evidence—*reading rule of railroad company to witness.* Permitting counsel to read a rule of a defendant railroad company, which in itself is competent, to a witness, instead of offering the printed rule in evidence, is not error, unless specifically objected to below.

*Chicago and Alton Railroad Co.* v. *Logue*, 58 Ill. App. 142, affirmed.

Appeal from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. George W. Wall, Judge, presiding.

This is an action on the case, brought originally by the father, as administrator of his deceased child, who was run over and killed by a train on appellant's road when about twenty-one months old. At a subsequent trial of the case the declaration was amended by making appellee, administratrix of the deceased child, plaintiff instead of her husband. The husband of appellee was the telegraph operator at Edwardsville Crossing, a station on appellant's road, and occupied as a residence a part of the depot building, which is situated between the tracks of appellant and the Cleveland, Cincinnati, Chicago and St. Louis railroad. On each side of the building was a platform extending to the respective roads. Just north of these platforms was a public road. The husband of appellee, with his family, had lived there for three years, his family consisting of his wife, a child about three years old, (at the time sick with scarlet fever,) and the child that was killed. The train from Chicago to St. Louis had been running on the same time for years, and if on time passed the station about 6:40 P. M., generally running at the rate of about forty-five miles per hour, and did not stop at the station unless signaled to do so by the dropping of a green ball, to receive orders. On the day the child was killed the husband of appellee was relieved by the night operator about 6:30 P. M., and knew about the time the train would come along. He went from the depot to a stable about forty feet from the platform, to get ready a horse and buggy to drive out to deliver a message some distance from the station. The mother was engaged with the sick child, and the boy, aged twenty-one months, left the house unobserved by her, and sat down on the railroad track about eight or ten feet from the highway crossing, with his back to the train, which came along about on time and running at its usual speed. There is conflict in the evidence as to whether signals were given by the ringing of the bell and sounding of the whistle as the

train approached the highway crossing. The mother missed the child and ran to the platform, and saw the approaching train and the child sitting on the track. She called her husband and ran up the platform towards the child, waving her hands. The engineer and fireman saw her, and about the same time saw something on the track, but could not distinguish what it was. If the engineer, upon seeing the object on the track, had obtained control of his engine or applied the brakes he could either have checked the train in time to have prevented the accident, or given the mother time to have saved the child. As soon, however, as it was possible for him to distinguish the object as a child the engineer did all within his power to stop the train, but it was impossible to do so, and the train struck the mother, slightly injuring her, and killed the child.

On the first trial of this case it was not averred that a child born about six weeks after the accident occurred was of next of kin, and for that reason a judgment rendered by the trial court was reversed by the Appellate Court and the cause remanded. Subsequently the declaration was amended in conformity with the views expressed in the opinion of the Appellate Court. During the second trial of the case an amendment was also permitted by the trial court, making appellee, administratrix of the deceased child, plaintiff, instead of her husband. The jury returned a verdict for plaintiff of $1500. Motion for new trial was overruled and judgment entered on the verdict. This judgment, on appeal, was by the Appellate Court affirmed, to reverse which this appeal is prosecuted.

Wise & McNulty, for appellant:

The court erred in not giving to the jury the instruction to find for the defendant, and in not entering, upon the motion of the defendant, a judgment in its favor, upon the special interrogatories as answered by the jury, they

being inconsistent and irreconcilable with the general verdict. *Railway Co.* v. *Dunleavy*, 129 Ill. 132; *Railway Co.* v. *Britz*, 72 id. 256.

In this class of cases the negligence of the parents is imputed to the child. Their negligence in permitting the child to get beyond their control and go upon the railroad track, where it was killed, is such as prevents any recovery in this suit. Beach on Contrib. Negligence, sec. 44; Thompson on Negligence, 1191; *Chicago* v. *Starr*, 42 Ill. 174; *Railroad Co.* v. *Becker*, 84 id. 483; *Railway Co.* v. *Miller*, 76 id. 278; *Chicago* v. *Major*, 18 id. 349; *Railway Co.* v. *Grable*, 88 id. 441; *Railway Co.* v. *Wilcox*, 138 id. 379.

Travous & Warnock, for appellee:

The imposition of terms, on allowing amendments, rests within the sound discretion of the court, and its refusal to impose terms, such as the payment of costs, can not be assigned as error, especially where the amendments relate to formal matters. *Heslep* v. *Peters*, 3 Scam. 45; *Schofield* v. *Settley*, 31 Ill. 515; *Tomlinson* v. *Earnshaw*, 112 id. 311; *Schirmeier* v. *Baecker*, 20 Ill. App. 373.

The objection to the reading of rule 47 from a book, for the reason that the book itself is the best evidence, can not avail the defendant in this court, as the objection made below was general. The rule was proper evidence. *Howell* v. *Edmonds*, 47 Ill. 79; *Clevenger* v. *Dunaway*, 84 id. 367; *Railway Co.* v. *Ward*, 135 id. 518; *Mackin* v. *O'Brien*, 33 Ill. App. 474.

The circumstances of this case show no negligence on the part of the child's parents. *Railroad Co.* v. *Gregory*, 58 Ill. 226; *Chicago* v. *Hesing*, 83 id. 204; *Gavin* v. *Chicago*, 97 id. 66; *Stafford* v. *Rubens*, 115 id. 196; *Railway Co.* v. *Raymond*, 148 id. 241.

Whether the parents were guilty of contributory negligence was a question of fact, to be determined by the jury from the evidence and circumstances of the case. *Chicago* v. *Major*, 18 Ill. 361; *Railroad Co.* v. *Lane*, 130 id.

116; *Railway Co.* v. *Parker,* 131 id. 557; *Railroad Co.* v. *Adler,* 129 id. 335.

The death of the child was caused proximately by the omission of appellant's servants to use ordinary care to avoid the danger, after they became aware, or by the exercise of reasonable care might have become aware, of it. Hence it is immaterial whether the parents were negligent in permitting the child to be upon the track or not. *Railway Co.* v. *Ryan,* 131 Ill. 477; *Werner* v. *Railway Co.* 81 Mo. 374; *Meeks* v. *Railroad Co.* 56 Cal. 513; *Car Co.* v. *Laack,* 143 Ill. 242.

Failure to give the statutory signals required at public crossings is negligence. Whether such signals were given was a question of fact, for the determination of the jury. *Railroad Co.* v. *Kuster,* 22 Ill. App. 188; *Railroad Co.* v. *Dillon,* 24 id. 204, and 123 Ill. 575.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

At the close of plaintiff's testimony an instruction was asked that the jury should find for the defendant, which the court refused to give, and to which ruling exception was taken. A similar instruction was asked at the close of defendant's testimony, and was also refused by the trial court. It is urged that a consideration of the refusal to give this instruction presents to this court the question as to whether there is evidence in the record proving the negligence charged in the declaration, or whether the parents of the child killed were guilty of such contributory negligence as would prevent a recovery. These questions are those of fact, and are settled by the judgments of the circuit and Appellate Courts. This court has heretofore held in a long line of authorities, that the consideration of the refusal of the trial court to give an instruction of this character only brings before the court the question as to whether there was evidence of the plaintiff tending to establish the facts

alleged in the declaration, and whether all the evidence in the case, with all the legitimate and natural inferences which the jury can justifiably draw therefrom, is wholly insufficient, if credited, to sustain a verdict for the plaintiff. *Lake Shore and Michigan Southern Railway Co. v. Richards,* 152 Ill. 59.

It is said that the negligence of the parents contributed to the death of the child in this case. The rule is well settled in this State that in an action brought by the parents or personal representative, the negligence of a parent of a child of tender years which contributes to an injury resulting is imputable to the child, and if established will prevent a recovery; and this is especially true where the parent is present with the child at the time of the injury, and the negligence consists of some act or omission on the part of the parent. (*Ohio and Mississippi Railway Co. v. Stratton,* 78 Ill. 88; *Toledo, Wabash and Western Railway Co. v. Grable,* 88 id. 441; *Chicago City Railway Co. v. Wilcox,* 138 id. 370.) The question as to the contributory negligence of the parent, however, is as much one of fact as though the injury had been to the adult and he was the plaintiff in the suit. The judgments of the trial and Appellate Courts are conclusive as to whether there was negligence on the part of the defendant and contributory negligence on the part of the parents of a child of tender years, in all cases where the negligence is a question of fact and not of law. It is only the province of this court, then, to determine whether or not there was evidence tending to show negligence on the part of the defendant and due care and caution on the part of the parents of the child. A court would have no hesitancy in saying that it would be negligence *per se* for a person of mature years to sit on a railroad track in front of a rapidly approaching train, but no such negligence could be imputed to a child of only twenty-one months of age. It is a disputed and contested question as to whether, immediately preceding the accident, the engineer of appellant was giv-

ing proper attention to the control and management of his engine, whether the proper signals were given at the crossing, and, if such signals were given, whether the life of the child could have been saved. It is not necessary to enter into a full discussion of the evidence in the case on those questions. It is sufficient to say that a careful examination of the record shows that there was such evidence tending to show these facts that the question should have been submitted to the jury for their finding, and it was not error for the trial court to refuse to give the instruction asked at the close of plaintiff's testimony.

On the question of contributory negligence of the parents, it appears that the mother had left the child in the kitchen of the house for a period of two or perhaps three minutes, while she passed into an adjoining room to give attention to another child. While thus engaged for this short time the child wandered from the room and sat down on the track. The mother at once started in search, but discovered it too late to save its life. In *City of Chicago* v. *Hesing*, 83 Ill. 204, which was a case where a child less than four years old wandered from the house of its parents and came to its death by drowning in a ditch filled with water immediately in front of the parents' residence, this court said: "No negligence is imputable either to the deceased or his parents. The child was too young to observe any care for its personal safety, and its parents omitted no reasonable care for its protection. The parents of the child are laboring people, and had to be constantly employed. When the accident occurred the father was at work in a lumber yard not far distant, and the mother was engaged in her usual domestic affairs. The law has not required that persons in their station in life shall keep a constant watch over their children, nor can the want of such care be imputed to them as negligent conduct. The former decisions of this court are conclusive on this branch of the case.—*City of Chicago* v.

*Major*, 18 Ill. 349; *Chicago and Alton Railroad Co.* v. *Gregory*, 58 id. 226." By the application of this principle, which is sustained by other cases in this court, it could not be said, as a question of law, that under the facts shown in this record the parents were guilty of contributory negligence. The question was one of fact, for the jury, and has been settled by the judgment of the Appellate Court.

It is urged there was error in giving the fifteenth instruction for plaintiff, which was:

"The court instructs the jury, that by the laws of this State every railroad company is required to have a bell of at least thirty pounds weight and a steam whistle placed and kept on each locomotive engine, and to cause the bell to be rung or the whistle to be sounded by the engineer or fireman at the distance of at least eighty rods from the place where the railroad crosses any public highway, and shall keep the same ringing or whistling until such highway is reached. And in this case, if the jury believe, from the evidence, that the defendant's servants in charge of the engine in question omitted to ring a bell and to sound a whistle, as required by law, until the highway crossing at which said child was killed was reached, (if the jury believe, from the evidence, said child was killed at a highway crossing, as alleged,) such omission constitutes a *prima facie* case of negligence on the part of the defendant; and if the jury further believe, from the evidence, that such negligence was the proximate cause of the injury complained of, and that the parents of said child were at the time exercising such care and oversight over his person as ordinarily careful and judicious persons would have exercised under like circumstances, and that said child, being on said highway, was run over and killed, as charged in the declaration, in consequence of the failure to so ring the bell or sound the whistle, then the jury should find a verdict for the plaintiff."

The contention is, that a child of tender years, as in this case, could not exercise discretion or intelligence in caring for itself, and the giving of the signals could not have affected the question of the injury, as doing so would not have caused the child to exercise care for its own safety. It was requisite the parents should exercise reasonable care and caution in caring for the child, and the giving of the signals required by the statute might have caused a greater degree of watchfulness on their part at the particular time of the injury, and tended to call their attention to the approaching train. It is not alone a question whether the child could have appreciated or known of the danger from the approach of the train, but whether, by giving the signals, the injury might have been averted by increased vigilance on the part of the parents, who would thereby have been able to prevent the accident by rescuing the child. Under the particular facts of the case we are of opinion it was not error to give this instruction.

It is assigned as error that the trial court permitted certain amendments to plaintiff's declaration without imposing terms. At a former trial a child born to appellee a few weeks after the accident was not mentioned in the declaration as one of the heirs of the deceased child, and for that reason a judgment rendered was reversed by the Appellate Court. On a remanding of the case the circuit court permitted the declaration to be amended in conformity with the views expressed by the Appellate Court. Minor amendments were also allowed, alleging that the child was *sitting* and not *standing* on the track, and was *upon* rather than *crossing* over it. During the trial, also, an amendment was permitted substituting the child's mother as plaintiff instead of the father. None of these amendments materially affected the defense of the case on its true merits. The permitting of amendments to the various pleadings in the case, and the question as to whether terms shall be imposed there-

for, are matters within the sound judicial discretion of the trial court, and unless it shall appear to this court that there has been an abuse of such discretion it will not be considered reversible error. We are not disposed to say there was such abuse in this case.

Thirteen instructions were asked by the defendant below, of which nine were given after some slight modification of four by the court. The modifications were so clearly proper it is not necessary to discuss them. The nine instructions given fairly stated the law applicable to the case in every phase as presented to the jury. No good purpose is to be served by entering into a discussion of the four instructions refused. They were improper as asked, and to the extent that part of an instruction was proper the ground is fully covered in instructions given.

One of the rules of appellant's company was permitted to go in evidence to the jury. The rule was pertinent to the issues involved and was competent evidence. (*Lake Shore and Michigan Southern Railway Co.* v. *Ward*, 135 Ill. 511.) The court permitted it to be read by the witness instead of offering the printed rule. It is not insisted that it was incorrectly read or that any injury resulted to appellant's case thereby. No specific objection was made at the time by appellant, so that if error existed it might be removed by the court. We have frequently held that this must be done before this court will consider the admission of such evidence as error.

The questions of fact are settled by the judgment of the Appellate Court.

We find no errors of law in the record, and therefore the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*