THE TRUE & TRUE COMPANY

*v.*

FRANCES WODA, Admx.

*Opinion filed February 18, 1903.*

1. NEGLIGENCE—*piling lumber on sidewalk in violation of ordinance is prima facie negligence.* Piling lumber upon a sidewalk and permitting it to remain there in violation of an ordinance until it fell upon and killed plaintiff's child is *prima facie* negligence on the part of the defendant.

2. SAME—*when question of contributory negligence of mother is one of fact.* Whether a mother was guilty of contributory negligence in permitting her four-year-old child to play about a pile of lumber is a question of fact, where there is a conflict in the evidence as to whether she knew the child was near the lumber pile, and also as to whether she had been requested to keep it away.

3. SAME—*whether negligence of defendant was proximate cause of injury is a question of fact.* Whether the negligence of the defendant in piling lumber on a sidewalk in a public street where he knew the children of the neighborhood were in the habit of playing was the proximate cause of the injury occasioned by the falling of the lumber is a question of fact.

4. SAME—*when negligence of a parent does not defeat recovery.* The negligence of a mother in permitting her child to play upon the street does not defeat a recovery for injuries inflicted upon the child unless such negligence contributed to the injury.

*True & True Co.* v. *Woda*, 104 Ill. App. 15, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

JAMES FRAKE, for appellant.

FRANK W. HOYT, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from the judgment of the Appellate Court for the First District, affirming a judgment of the superior court of Cook county in favor of the appellee

for the sum of $2250, recovered against the appellant for wrongfully causing the death of the intestate of appellee, a child three years and ten months of age. The declaration contained nine counts, several of which charge the appellant with negligently placing a pile of lumber in front of its place of business, upon a sidewalk in a public street, which fell upon the child, causing its death; others, that the lumber was piled in a careless and unsafe manner; a number that the lumber, when so piled, was left unguarded, and small children, including appellee's intestate, permitted by appellant to play upon and around the same; and other counts set out and relied upon certain sections of the municipal code of the city of Chicago, which declared it unlawful to pile or permit to remain upon the sidewalks of the city, lumber or other materials. The general issue was filed, and the cause submitted to a jury. At the close of plaintiff's evidence, and again at the close of all the evidence, the court was requested to instruct the jury to return a verdict in favor of the appellant, and the court's refusal so to do has been assigned as error.

The evidence tended to show that Joseph Woda, the appellee's child, at about 1:30 P. M. on July 7, 1899, with her knowledge and consent, in company with his sister, aged nine, and his brother, aged seven years, went out to play upon the public sidewalk on West Nineteenth street, in the city of Chicago, in front of appellee's house, as was his habit. The street at that place was built up mainly with small residences, which were occupied by laboring people similarly situated in life to the Woda family. The appellant's factory was located about seventy-five feet west of the home of appellee, and at the time of the injury it was engaged in building a shelter shed on its premises. A short time prior to the day when the child was injured the appellant had caused to be piled, partly upon the sidewalk and partly upon the street in front of its premises, two wagon loads of lum-

ber. The witnesses differ somewhat as to the width and height of the pile, and as to how much of the sidewalk, which at that place was built up from the ground some four feet and was about twelve feet wide, was obstructed. The evidence tended to show that the pile was six or eight feet wide at the bottom, five or six feet wide at the top, and from three to five feet high. As appellee's intestate was passing or standing near the pile of lumber, some heavy planks or timbers of which it was composed fell off the pile upon him, causing his death. At the time the planks or timbers fell other children were near, one or two of whom, besides Joseph, were caught beneath the falling planks or timbers. It is not clear what caused the lumber to fall. The evidence was conflicting upon that point, that of appellee tending to show that the lumber was imperfectly piled, while that of appellant, that it was thrown down by other children playing upon or about the pile.

It was admitted upon the trial that the appellant caused the lumber to be piled upon the sidewalk, and that it fell upon the child and caused his death, and the evidence tended to show that the lumber was piled upon the sidewalk and permitted to remain thereon, in violation of the ordinances of the city of Chicago, for the period of two days prior to the injury. The jury were justified, from the evidence, in finding that the lumber was piled on the sidewalk in violation of the city ordinances, which were pleaded and proven by the appellee, one of which prohibits any article or thing being placed on a sidewalk in front of any store, shop or other place so as to occupy more than three feet next to the building nor so as to be more than four feet above the top of the sidewalk, and another imposes a fine for laying or placing any wood, coal, or any other article whatsoever, on the sidewalk. The violation of these ordinances made a *prima facie* case against the appellant. *Channon Co.* v. *Hahn*, 189 Ill. 28.

The appellant attempted to escape liability by reason of its negligence arising from the violation of said ordinances, by showing that the appellee, the mother of the child, was guilty of negligence in permitting the child to be upon the street and in the vicinity of the lumber, and by showing that the lumber fell by reason of other children playing upon and about the pile, and contends here that the violation of the city ordinances by it was not the proximate cause of the injury, and that it should not be held liable for the death of the child.    The question as to the contributory negligence of the mother was one of fact, and there was a conflict in the evidence as to whether she knew the child was in the vicinity of the lumber and had been requested to keep it away.    The court upon that question, at the request of the appellant, gave to the jury the following instruction:

"The jury are instructed that if they believe, from the evidence, that deceased, at the time of this injury, from his age, required the care and oversight of some older person in order to insure his personal safety, and further, that at the time of the injury reasonable care and oversight were not exercised by the parents (or either of them) of the child for its personal safety, and that such want of reasonable care contributed directly to the injury, then the plaintiff cannot recover."

By reason of the tender years of the child negligence cannot be imputed to it, (*Chicago City Railway Co.* v. *Tuohy,* 196 Ill. 410,) and the negligence of the mother having been submitted to the jury under proper instructions, and the jury having found in favor of the appellee, which finding has been approved by the Appellate Court, the question of contributory negligence of the mother has been conclusively settled by the judgment of the Appellate Court against the appellant.    *Chicago and Alton Railroad Co.* v. *Logue,* 158 Ill. 621.

Whether the alleged negligence of the appellant in piling the lumber on the sidewalk was the proximate

cause of the injury was also a question of fact.   (*Fent* v. *Toledo, Peoria and Warsaw Railway Co.* 59 Ill. 349; *Pullman Palace Car Co.* v. *Laack,* 143 id. 242.)   The appellant piled the lumber upon the sidewalk in a public street in the city in the vicinity of the homes of a number of children, and the evidence shows that it, through its agents, knew the children were in the habit of congregating at the place where the lumber was piled and climbing upon and over the same while at play.   The pile of lumber, as thus situated, was of such character that the jury were justified in finding, from the evidence, that the appellant should have known it would be likely to attract small children, and if they climbed upon the lumber as piled it would be likely to fall upon them and they be injured. (*City of Pekin* v. *McMahon,* 154 Ill. 141.)   The jury, from the evidence, were justified in finding that appellant's negligence was the proximate cause of the injury, and the court did not err in declining to take the case from the jury.

We have examined the instructions given, modified and refused, that were offered by the appellant, and find no reversible error committed by the court in its rulings upon the instructions.   The modification of appellant's second instruction informed the jury the negligence of the parent, if any, would not defeat a recovery unless such negligence contributed to the injury.   This modification was proper.   And the instructions refused, all omitted the element of the negligence of the appellant in placing upon a public sidewalk which it knew was frequented by small children, lumber in violation of the city ordinances, to which lumber pile they were likely to be attracted, and where it was dangerous and unsafe for them to congregate.

We find no reversible error in this record.   The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*