## Louis Livingston v. Charles Blind, Administrator.

## Gen. No. 13,596.

1. NEGLIGENCE—*what tends to show, in driving wagon.* Held, that the evidence in this case tended to show that the driver of a wagon was guilty of negligence, and that such negligence was the proximate cause of the injury complained of.

2. NEGLIGENCE—*when question of imputed, for jury.* Held, that it was for the jury to determine whether the parents of the plaintiff's intestate were guilty of contributory negligence in allowing such intestate, a child of five years, to cross a city street in the dark, accompanied by no person other than another child of the age of about nine years.

3. NEGLIGENCE—*what evidence with respect to, competent.* Held, that evidence which shows the surrounding circumstances is competent upon the question of negligence, notwithstanding the same might have been made the basis of an independent claim of right for recovery.

Action in case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the March term, 1907. Affirmed. Opinion filed January 27, 1908.

**Statement by the Court.** This is an appeal from a judgment of the Superior Court of Cook county for $2,500 in favor of appellee, plaintiff below, against the appellant, defendant below. The judgment was rendered on the verdict of a jury in an action brought against the defendant for causing the death of the plaintiff's intestate by negligence. The declaration was in two counts. The first alleged that on December 3, 1903, the defendant owned and operated, by his servants, a wagon and horses; that said servant was driving the wagon on Canal street at or near the intersec-

tion of Twenty-fifth place on that date, while the plaintiff's intestate, a child five years old, was running across Canal street; that the defendant, by his servant, negligently operated said team in failing to control said horses with a tight rein, knowing that the child was in front of the team, or about to cross in front of said team, and that said driver carelessly ran into the plaintiff's intestate, so that he was thrown to the ground, and the wagon ran over him, inflicting injuries from which he died on December 5, 1903.

The second count says that the defendant failed in his duty to use, by his servant, care in the control and management of the wagon and team, "and on the contrary negligently and carelessly operated said team by his said servant, to wit, failed to stop the said horses when he saw the peril of the plaintiff's intestate, which he could have done had he been in the exercise of proper care and diligence, so that the wagon would not have run over the plaintiff's intestate."

Both counts allege that the accident happened while the plaintiff's intestate was "in the exercise of such care and caution for his own safety as could be reasonably expected of a boy of his age and intelligence."

The defendant pleaded the general issue.

At the trial, after the plaintiff's evidence had been heard, a motion was made by the defendant for a peremptory instruction, which was denied. Separate motions were also made for an instruction that the plaintiff had failed to make out a case under each of the counts of the declaration, which were also denied. At the conclusion of all the evidence these motions were all renewed and were all again denied. After the verdict a motion for a new trial and a motion in arrest of judgment were made by the defendant and were overruled, whereupon the judgment and this appeal followed.

In this court the assignments of error and argument of the defendant attack the judgment on the ground that the verdict on which it is based is clearly against

the weight of the evidence, in that the proof taken together shows no negligence on the part of the defendant or his servant, and that it does show negligence on the part of the father of the appellee, who is the plaintiff and beneficiary under the judgment, which, if it was not the sole cause, was at least a materially contributing cause of the accident.

Complaint is also made of the admission, over defendant's objections and exceptions, of improper evidence offered on the part of the plaintiff.

HORTON, BROWN & MILLER, for appellant.

J. A. BLOOMINGSTON, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

All human tribunals are fallible, and it may be that the jury in this case came to a wrong conclusion from the evidence heard by them. But we know of no reason why greater certainty would inhere in a different decision by us if we should make it.

Despite the argument of the appellant to the contrary, it seems as clear to us as it did to the jury, that the evidence shows the death of the five year old boy— who was plaintiff's son—to have been the result of his being run down, knocked over and injured by the horses and wagon of the defendant, driven by his employe and agent, while he, the boy, with a companion nine and a half years old, was with the permission and indeed by the direction of his father crossing Canal street at its intersection with Twenty-fifth place, shortly after dark on a winter evening.

It is equally clear to us, and doubtless was to the jury, that the conduct of defendant's servant if negligent or careless, was not wilfully or wantonly so, and that the accident was and is a cause of regret and grief on his part.

What is not clear from the evidence are the ques-

tions which, as best they might, under proper instructions from the court, the jury were left to solve.

First. Was there negligence on the part of the driver in managing his horses and heavy wagon?

Second. Was the act of the boy's parents, or either of them, in allowing or sending him across a city street after dark, contributory negligence? It is practically conceded that the child himself was too young to be guilty of such negligence in his own person.

These questions were submitted to the jury under instructions which fairly stated the law on the defendant's theory of the facts, and by their verdict they showed that they answered the first question in the affirmative and the second in the negative.

As to the first, there was evidence tending to prove that the wagon was driven at a trot and did not slacken its speed at this intersection until the boy was struck, that the driver did not call out until after that occurrence, and, more important perhaps than anything else, that the driver was looking backward and not forward just before and at the time of the accident. His attention, it is said, was given to boys on the back of the wagon, apparently "stealing a ride," whom he was ordering away. Between this testimony and that which contradicted it, the jury made a choice and have found the driver guilty of negligence. We do not feel justified in saying their finding was clearly and manifestly against the evidence.

As to the contributory negligence of the parents, that also was a question for the jury, unless we can, as we are called on by defendant's counsel to do, assert that *as a matter of law,* permitting this very young child to go across a city street after dark, accompanied only by a companion between nine and ten years old, was negligence materially contributing to the injury. We might have more doubt about this were it a question of first impression with us. But apart from the general proposition that has been decided by the Supreme Court, that the question of contributory negli-

gence of the parents of infants who are injured is for the jury (Chicago & Alton R. R. Co. v. Logue, 158 Ill. 621; True v. Woda, 201 Ill. 315), the Supreme Court has said that the fact that a child of very tender years had with him one not much older than the deceased's companion in this case, relieves the parents from the imputation of negligence contributing to his being run down and killed on a railroad crossing. Chicago & Alton R. R. Co. v. Becker, 84 Ill. 483. We therefore must decline to interfere with the finding of the jury on this question also.

Complaint is made that evidence was improperly admitted that the wagon had no lights on it. This was not error. The pleadings did not allege that there were no lights on the wagon, it is true, but, on the other hand, the absence of lights was not relied on as entitling the plaintiff to recover. The instructions were such as plainly to preclude the idea that the jury could find for the plaintiff on that ground. No ordinance requiring lights was offered or alluded to. The presence or absence of lights on the wagon was one of the surrounding circumstances and conditions which could not be more properly kept from the jury than could the size and shape of the wagon or the nature of the locality.

The judgment of the Superior Court is affirmed.

*Affirmed.*