Agnes Campbell McClaren, Administratrix of the Estate of John Campbell, Deceased, Appellee, v. City of Gillespie, Appellant.

Gen. No. 8,181.

54

Opinion filed May 2, 1928.

ALFRED A. ISAACS and JOHN P. MADDEN, for appellant.

VAUGHN & NEVINS, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Agnes Campbell McClaren, administratrix of the estate of John Campbell, deceased, appellee, recovered a judgment in the sum of $7,000 against the City of Gillespie, appellant, in the circuit court of Macoupin county to reverse which this appeal is prosecuted.

Counsel for appellant state in their brief and argument that they desire to direct this court's attention to but two propositions: (1) That the contributory negligence of the mother of the deceased child, as dis

closed by the evidence, is a bar to recovery; (2) that the verdict of the jury is grossly excessive. No other errors are mentioned or presented for review and our consideration of the case is confined to the two assignments of error above mentioned.

All the evidence introduced on the trial was that submitted by the plaintiff and there is no controversy about the facts. At the close of plaintiff's evidence the defendant made a motion to exclude the same and to give the jury an instruction directing them to disregard the evidence offered by the plaintiff and return a verdict of not guilty. The court overruled the motion and refused the instruction.

This is an action on the case to recover damages resulting from the death of the deceased, John Campbell, a child nine years of age, claimed to have been caused by the negligence of the defendant in leaving an open sewer ditch, constructed on Henry Street in the City of Gillespie, unguarded in the nighttime, by reason whereof the deceased fell into the same and was killed by the sides thereof caving in upon him.

At the time of and prior to the accident, February 6, 1928, the City of Gillespie was undertaking the construction of a sanitary and storm sewer in the center of Henry Street from a connection with Bear Creek, approximately a block west of Clay Street, eastward to the eastern city limits, which is approximately a block east of the Clay Street intersection. The work of construction had commenced several days before the accident and had progressed from the western terminus eastward past the intersection of Clay and Henry Streets. The sewer was approximately 30 inches in width and from 6 to 9 feet in depth. It was being dug by a trenching machine which deposited the clay and dirt in a ridge 4 or 5 feet high along the south side thereof. On the night of the accident there were no guards or warnings of any kind along the ditch except a red lantern hung on the ditching machine

where it had stopped at the eastern end of the excavation. The deceased lived with his mother, who, at that time, was a widow and had three other children. The Campbell home was on the north side of Henry Street about 200 feet east of its intersection with Clay Street. On the night of the accident the sewer had been completed in front of the Campbell house and to a point about 50 feet east thereof. On the east side of Clay Street, running south towards the main business part of the city, there was a reasonably good sidewalk. On the south side of Henry Street there was no sidewalk and on the north side of Henry Street there was only a cinder or beaten pathway extending about 250 feet east from the east line of Clay Street. One residing on the north side of Henry Street, in going to the main part of the city, would go west on Henry Street to the crossing, thence south on the sidewalk on the east side of Clay Street. The sidewalk which crossed Henry Street on the east side of Clay Street, in the construction of the sewer, had been torn up and no temporary or other means of crossing the ditch had been provided. On the night of the accident the deceased, in company with his sister, who was 11 years of age, left his mother's home about 6:30 o'clock in the evening for the purpose of attending a show in the business portion of the city. In order to reach their destination they had to go west on Henry Street to its intersection with Clay Street, thence south on the east side of Clay Street. The night was dark and wet. The children proceeded south across Henry Street on the east side of Clay Street until they came to the open ditch. There was no way of crossing the ditch except to jump. At this point the ditch was about 7 feet deep with a high mound of earth ridged upon the south side. The older child, the sister, succeeded in jumping over the ditch, but the deceased failed to get across. The sister, noticing that the deceased was not following, returned to the ditch, found the same caved

in and alarmed the neighbors, who, in about 20 or 30 minutes, succeeded in removing the body therefrom. It was found at the bottom of the ditch under about one and one-half tons of dirt.

It can hardly be contended that the leaving an excavation 7 feet deep and 30 inches wide in the sidewalk of a public street crossing on a dark night without any warning lights, barricade, or other means of protecting pedestrians using the sidewalks, could be anything but gross negligence.

We are asked to hold, as a matter of law, that the mother of the deceased, knowing that the ditch was there, was guilty of contributory negligence in permitting him, in the company of his older sister, to leave the home in the dark, for the purpose of going to the business part of town. While it is undoubtedly true, under the statute of this State, that when an action for damages on account of the death of a child is brought for the benefit of those who are chargeable with its care, the contributory negligence of any one of the beneficiaries will bar the action. (*Illinois Cent. R. Co. v. Warriner,* 229 Ill. 91; *Ohnesorge v. Chicago City R. Co.,* 259 Ill. 424; *Hazel v. Hoopeston-Danville Motor Bus Co.,* 310 Ill. 38.) Such rule has never been applied to such a state of facts as is disclosed by the record in this case, but its application has been confined to such cases where the parent or beneficiary of the action had immediate control of the infant, or; being cognizant of an apparent danger, knowingly permits or directs the infant to be exposed thereto. It has never been held that under ordinary circumstances it was negligence *per se* in a parent to permit a child of tender years to walk along the sidewalks of a city and while the plaintiff in this case knew that a ditch had been dug along the street there is no evidence tending to show that she knew that it had been left that evening without any guards or warning of its

open condition and that no means had been provided for the passage of pedestrians over the same where it intersected the crossing on Henry Street on the east side of Clay Street.

In the case of *Chicago & A. R. Co. v. Becker*, 84 Ill. 483, the deceased was a boy between 6 and 7 years of age. He was permitted by his parents to go, in company with his brother, a boy 10 or 11 years old, to Sunday school. In order to reach the church where the school was held, they had to cross the track of a railroad. In crossing the tracks the deceased stumbled and fell and was killed by a passing train, running at a greater rate of speed than the ordinance permitted. It was held, in substance, that the parents of the deceased were not guilty of negligence in permitting the deceased, under the circumstances, to be upon the street and that the jury were warranted in finding the parents free from negligence. It was also held that the parents used as much precaution as could have been expected and as much as is usually observed by parents with their children.

In the case of *Chicago & A. R. Co. v. Logue,* 158 Ill. 621, 627, the deceased, a little child 21 months old, shortly before the accident, was in the house with its mother. She left the child in the kitchen for a period of two or three minutes while she passed into an adjoining room to give attention to another child. While absent for this short time, the child wandered out of the house and sat down on the railroad track, where it was killed by a passing train. The mother started in search as soon as she came back into the kitchen and found it gone, but discovered it too late to save its life. The court held that whether the mother was guilty of contributory negligence was a question of fact for the jury.

In *True & True Co. v. Woda,* 201 Ill. 315, the child was killed while playing near a pile of lumber unlawfully piled on the sidewalk in a public street, in the

vicinity of the child's home and it was held that the question as to whether the mother of the child was guilty of contributory negligence in permitting the child to be upon the street at the place in question was one of fact and properly left to the jury to determine.

In *Illinois Cent. R. Co. v. Warriner,* 229 Ill. 91, a mother permitted a child 20 months old to go into a back lot near a railroad track to play. The child wandered onto the track and was killed. The court also held that the contributory negligence of the mother was properly submitted to the jury to pass upon.

In *Chicago City Ry. Co. v. McKeon,* 143 Ill. App. 598, a mother sent a daughter 11 years old on an errand to get some milk from a dairy. She permitted her to take her 3-year-old sister with her for company. In crossing a street-car track the 3-year-old sister was killed through the negligence of the railway company. The court said in its opinion:

"It certainly cannot be held, as a matter of law, that it was contributory negligence in a parent not to forbid or prevent an eleven-year-old child, 'in the habit of doing errands for her mother,' taking, in full daylight, her three-year-old sister with her to the dairy 'for company.' "

In *Livingstone v. Blind,* 138 Ill. App. 494, a boy five years old accompanied by a companion nine years old, by the direction of the former's father, attempted to cross a street in the city of Chicago after dark on a winter evening and was killed through the negligence of a driver of a team of horses hitched to a wagon. The court held:

"As to the contributory negligence of the parents, that also was a question for the jury, unless we can, as we are called on by defendant's counsel to do, assert that *as a matter of law,* permitting this very young child to go across a city street after dark, accompanied only by a companion between nine and ten years old,

was negligence materially contributing to the injury. We might have more doubt about this were it a question of first impression with us. But apart from the general proposition that has been decided by the Supreme Court, that the question of contributory negligence of the parents of infants who are injured is for the jury (*Chicago & Alton R. R. Co. v. Logue,* 158 Ill. 621; *True & True Co. v. Woda,* 201 Ill. 315), the Supreme Court has said that the fact that a child of very tender years had with him one not much older than the deceased's companion in this case, relieves the parents from the imputation of negligence contributing to his being run down and killed on a railroad crossing. *Chicago & Alton R. R. Co. v. Becker,* 84 Ill. 483. We therefore must decline to interfere with the finding of the jury on this question also.''

A child under the age of seven years is regarded as a matter of law, incapable of such conduct as shall constitute contributory negligence. Between the ages of 7 and 14 it is required to exercise such care as a child of its age, capacity, experience and intelligence might reasonably be expected to use under similar circumstances. A child from the age of 14 years is required to use the same degree of care as an adult person. *Maskaliunas v. Chicago & W. I. R. Co.,* 318 Ill. 142. Thus the law recognizes the fact that two children of the same age may not have the same capacity, experience and intelligence and it is conceivable that if the deceased child in this case had been one who was not normally developed, physically or mentally, or that his older sister, who accompanied him and with whom he was placed in charge, for any reason was not physically or mentally capable of taking charge of him, the question might arise as to whether the mother had not been negligent in permitting the two children to proceed alone on the evening in question, but there is no evidence in the record tending to show that either was not a fully developed, normal

child and capable of taking care of themselves on their little journey. In any event these were all facts and circumstances to be considered by the jury in determining the question of the contributory negligence of the mother.

The other assignment of error is that the damages are excessive. The defendant in the court below filed certain points in writing in support of its motion for a new trial. None of the points so filed stated as a ground therefor that the verdict was excessive.

In the case of *Jones v. Jones,* 71 Ill. 562, the court said:

"On the motion for a new trial, in the court below, there was no objection urged that the damages were excessive. That was not stated as a ground for the setting aside of the verdict. The court below, not being asked to do so, had the right to suppose that appellant acquiesced in the amount of the finding, but relied on the grounds specified, alone, for a new trial. To avail of such an objection, the party should, in some way, either by general or specific objection, make that a ground for granting a new trial, and if disallowed, then it should be assigned as error in the appellate court.

"Where the damages are excessive, the presumption is, that, on being asked, the court below will require a *remittitur* to the proper amount, or grant a new trial. And where no such request is made of the judge trying the case, the party must be regarded as having had no objections to the amount of the finding, or if he had, that he waived them."

In the case of *Ottawa, O. & F. R. Val. R. R. Co. v. McMath,* 91 Ill. 104, it is said:

"If plaintiff in error had filed certain points in writing particularly specifying the grounds of his motion, then he would, of course, be confined in the Appellate Court to the reasons specified in the court below, and would be held to have waived all causes for

a new trial not set forth in his written grounds." The same rule is held also in the cases of *Brewer & Hoffman Brewing Co. v. Boddie,* 162 Ill. 346; *West Chicago St. R. Co. v. Krueger,* 168 Ill. 586, and *Janeway v. Burton,* 201 Ill. 78. If this point had been raised in the trial court that court would have had an opportunity to have considered the same and to require a remittitur, if necessary. This court cannot consider alleged errors not presented and passed upon by the court below.

The judgment is affirmed.

*Affirmed.*