# ANDREW KERR

*v.*

## BENJAMIN FORGUE.

1. CONTRIBUTORY AND COMPARATIVE NEGLIGENCE. In an action to recover damages for an injury occasioned by the negligence of the defendant, the age and discretion of the party injured are proper subjects of inquiry by the jury, in determining the relative degree of care, or want of care, as manifested by both parties.

2. Ordinary neglect as to a person of full age and capacity, might be gross negligence as to a child.

3. And in determining the degree of negligence of a party, the jury should take into consideration his capacity. A child can not be required to exercise as much care and caution as a person of mature years, but only such care as a person of his age and discretion would naturally use.

4. In an action to recover for an injury to a boy about twelve years old, occasioned by the alleged negligence of the defendant, it appeared the defendant had placed upon the sidewalk a number of barrels and counters, in a tottering condition, occupying a considerable portion of the walk, and interfering with a safe passage after night. One of the counters was eighteen or twenty feet long, and the boy, in going from his work to dinner, in passing put his hands upon this counter, apparently making a motion to jump on it, when it fell on him, fracturing his leg: *Held*, the negligence of the defendant in placing the obstructions on the sidewalk, and permitting them to remain there for several weeks, was much greater than the carelessness of the boy.

5. And in an action by the father to recover for such injury, if the injury was serious and permanent, such fact would enhance the damages, which the father was entitled to recover for the loss of services, during minority.

APPEAL from the Circuit Court of Kankakee county; the Hon. CHARLES H. WOOD, Judge, presiding.

The opinion states the case.

Mr. W. H. RICHARDSON and Mr. C. A. LAKE, for the appellant.

Mr. MASON B. LOOMIS, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

This was an action on the case, commenced by appellee against appellant, for negligence in placing counters and barrels on the public street, by means whereof the son of appellee was injured. A trial by jury was had below, and plaintiff recovered a verdict for fifty dollars.

The proof shows that appellant, prior to the injury, had placed upon the sidewalk, in Kankakee City, a number of barrels and counters, in a tottering condition, and occupying a considerable portion of the walk; that one of the counters was eighteen or twenty feet in length, and that these obstructions interfered with a safe passage after night.

The son was, at the time of the injury, about twelve years old, lived with, and worked for, his father, and was worth from fifty to seventy-five cents per day, and at the time of the injury was going from his work to dinner. In passing he put his hands upon the counter, apparently making a motion to jump on it, when it fell on him, fracturing the right leg. The physician's bill, and expenses in caring for him in his sickness, were proved to be fifty dollars.

Errors are assigned upon the modification of the following instructions, asked by appellant:

"1. The court instructs the jury that the proofs should support the allegations of the declaration, and if the allegation in the plaintiff's declaration is, that the plaintiff's son was injured while he was using due care, and if you believe, from the evidence, that he did not use due care, (modified as follows here: that is, such care as a boy of his age and discretion would naturally do,) then the proof does not support the allegations, and the law is, in such case, for the defendant.

"2. If the injury happened by and through the negligence of the boy and defendant, equally, then the law is for the defendant. (Modified as follows: But in determining the negligence of the boy, you must take into account his capacity, for

he can not be required to exercise as much care and caution as a person of mature years.)

"4. If the jury believe, from the evidence, that the negligence of the plaintiff's son David was gross, (here modified as follows : judging him not by the standard of a man, mature, but as a boy,) and that the negligence of the defendant was slight, then, in that case, the law is for the defendant.

"5. If the jury believe, from the evidence, that had plaintiff's son David used ordinary care, (modified as follows : that is, such care as a boy of his age and discretion would naturally use,) the injury complained of would not have happened, then, in that case, the law is for defendant."

These instructions, without the change made by the court, would require the same care on the part of a child, as one of maturer years.

A child can only exercise care and prudence equal to his capacity. Ordinary neglect as to a person of full age and capacity, might be gross neglect as to a child. Hence, the age and discretion of the child were the proper subjects of inquiry by the jury. The child is reckless and thoughtless; the man prudent and watchful. This child had the right to pass over this walk, and the party, in placing obstructions thereon, was bound to the utmost circumspection. *Chicago, Burlington & Quincy R. R. Co.* v. *Dewey,* 26 Ill. 255 ; *Robinson* v. *Cone,* 22 Vermont, 213 ; *Birge* v. *Gardiner,* 19 Conn. 507.

There was no error in the modification of the instructions. The negligence of appellant, in placing the obstructions on the sidewalk, and permitting them to remain there for several weeks, was much greater than the carelessness of the boy. There is not much resemblance between the case at bar, and the case of the *City of Chicago* v. *Starr, Admr.* 42 Ill. 174. In the latter case, the child was only six years old, and was not engaged in any necessary business or labor, but was roaming the streets, six blocks from home, in a crowded thoroughfare, without any sufficient excuse, and without any restraint on the part of his parents. The cases are clearly distinguishable.

It is also claimed that there was error in the refusal to give the following instruction:

" 11.   Defendant asked the court to instruct the jury as follows: You are instructed that all evidence tending to show permanent injury, is ruled out, so far as establishing any right to recover damages for permanent injury."

If the injury was serious and permanent, such fact would enhance the damages, which the father was entitled to recover for the loss of service during minority.

We have carefully examined all the instructions, and the evidence, and can find no error in the record.   The evidence clearly tends to sustain the verdict.   The question of negligence has been passed upon by a jury, under proper instructions, and we can perceive no reason to disturb the finding.

*Judgment affirmed.*