| 70  487|
| 83  244|

## Chicago, R. I. & P. Ry. Co. v. Josephine Ohlsson, by her Next Friend.

1. ORDINARY CARE—*Application of the Rule to Children.*—A child is only required to exercise that degree of care and caution which children of like age, capacity and experience may reasonably be expected to use under like circumstances.

2. SAME—*Of Children—A Question for the Jury.*—An instruction telling a jury that the law does not require of an infant six years of age, or any other age, the same degree of care and caution that it does of an adult, but only requires such care and caution as is ordinarily exercised by one of her age, is erroneous, because, whether a child is of sufficient age to exercise proper care for its safety under the circumstances is always a question of fact for the jury. Such an instruction however is not ground for reversal where the age of the infant was such that no harm could have been done by it.

3. RAILROADS—*Running Trains at Great Speed as Negligence.*—Considering the great amount of travel over the crossing where the injury sued on was inflicted, the density of the population at that point, and the rather meager provision which had been made by the railroad company for warning the public of approaching trains, the court concludes that there was negligence in running the train, which struck appellee, at the rate of more than twenty miles an hour.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Will County; the Hon. GEORGE W. STIPP, Judge, presiding. Heard in this court at the December term, 1896. Affirmed in part. Opinion filed June 26, 1897.

HILL, HAVEN & HILL and W. T. RANKIN, attorneys for appellant; ROBERT MATHER, of counsel.

JOHN W. D'ARCY, attorney for appellee.

It has been held that children of eighteen months, of two years and ten months, of four years, under five years, of

five years, of six years, under seven years, and even seven
years of age, are incapable of contributory negligence.
Bishop's Non-Contract Law, Sec. 586, and authorities cited.
This rule seems to have been recognized in this State with
more or less distinctness in the following cases : Chicago &
A. R. R. Co. v. Becker, 84 Ill. 483; Chicago & A. R. R. Co.
v. Gregory, 58 Id. 226; City of Chicago v. Hesing, 83 Id.
204; Gavin v. City of Chicago, 97 Id. 66; Toledo, W. & W.
Ry. Co. v. Grable, 88 Id. 441; Chicago, W. D. Ry. Co. v.
Ryan, 131 Id. 474; Chicago, St. L. & P. R. R. Co. v. Welsh,
118 Id. 572.

On the question of negligently running a train at a high
rate of speed over a dangerous crossing, we refer to the
case of Chicago & A. R. Co. v. Adler, 28 App. 107; see also
Central Ry. Co. v. Allmon, 147 Ill. 471; East St. Louis
C. Ry. Co. v. O'Hara, 150 Ill. 580; Partlow v. I. C. R. Co.,
150 Ill. 321; Lake Shore & M. S. R. v. Ouska, 151 Ill. 232;
Louisville & St. L. C. R. R. Co. v. Gobin, 52 App. 565; Illi-
nois C. R. Co. v. Murphy, 52 App. 65.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION
OF THE COURT.

This was an action on the case brought by appellee, by
next friend, to recover for injuries sustained by her while
attempting to cross appellant's railroad track in front of a
moving train. There was a trial by a jury which resulted
in a verdict and judgment in favor of appellee for $3,000.

At the time she received the injuries complained of ap-
pellee was a child six years of age, residing with her grand-
parents, in the city of Joliet, a short distance from the place
where appellant's railroad crosses Collins street, the point
where the accident occurred. She and several other children
had been playing about a small flat car, which stood upon
the side track in the street, when a milk train approached
from the east. When the train was about fifty feet from
the crossing, she attempted to cross the main track, and in
doing so was struck by the train. The evidence shows
that the Collins street crossing is in a thickly populated

portion of the city. At the time of the injury, no gates had been established there, but the railroad company had a flagmen stationed there. The train was running at a rapid rate of speed, considering the thickly populated district it was running through. The flagman was at his post and had signaled to persons who were wanting to cross. Appellee was evidently trying to reach another girl who was standing upon the sidewalk on the opposite side of the track.

In view of the tender years of appellee we do not think there was such want of ordinary care on her part as would preclude a recovery if appellant was guilty of negligence which caused the injury. She was only required to exercise that degree of care and caution which children of like age, capacity and experience may reasonably be expected to use under like circumstances. Such a rule is distinctly recognized by the courts of this State. Kerr v. Forgue, 54 Ill. 482; Chicago & A. R. R. Co. v. Gregory, 58 Ill. 226; Chicago & A. R. R. Co. v. Becker, 76 Ill. 25; Chicago, St. L. & P. R. R. Co. v. Welsh, 118 Ill. 572; Chicago, C. Ry. Co. v. Wilcox, 138 Ill. 370. The conduct of appellee on the occasion of the accident was quite natural for a child of six years.

When we consider the great amount of travel over the Collins street crossing, and the density of the population at that part of the city, and the rather meager provision which had been made by the railroad company for warning the public of approaching trains, we are forced to the conclusion that there was negligence in running the milk train, which struck appellee, at the rate of speed it was running at the time—more than twenty miles per hour.

Upon the part of appellee, the court gave the following instruction:

9. The court instructs the jury that the law does not require of an infant six years of age the same degree of care and caution that it does of an adult, but it only requires such care and caution as is ordinarily exercised by one of her age, capacity and experience.

The instruction is erroneous because it invades the province of the jury. It is not proper for the court to tell the jury that the law does not require of an infant six years of age, or any other age, the same decree of care and caution that it does of an adult. It is always a question of fact to be determined by the jury whether a child is of sufficient age to exercise proper care for its safety under the circumstances. We do not feel warranted in reversing the judgment because of this instruction, however. The age of appellee was so tender that no serious harm was done appellant by the giving of it.

We see nothing wrong with instructions eight and eleven, given for appellee. No error was committed in refusing instructions offered by appellant. In the tenth, given for appellee, the jury were told that in the event of finding for her they would have the right, in assessing damages, to take into consideration the expense incurred by her in endeavoring to be cured.

There was no evidence that she paid or incurred any expense in endeavoring to be cured. It was improper, therefore, to give such an instruction, but the remittitur entered in this court cures that error.

When the case was first considered by us, we were of the opinion that while there was a right of recovery upon the facts, the damages allowed by the jury were excessive. Our view in regard to the damages was intimated to counsel, whereupon, appellee entered a remittitur of $1,200. We now think the judgment should be affirmed as to $1,800. The clerk of this court will enter judgment in favor of appellee for $1,800 and against her for costs. Affirmed in part.