## Simon Glickson, by his Next Friend, v. John Shannon.

1. INSTRUCTIONS—*When Evidence is Conflicting.*—When the evidence is conflicting and the case is close as to the right of recovery, the instructions to the jury should be accurate.

2. CONTRIBUTORY NEGLIGENCE—*Question for the Jury.*—Whether or not the plaintiff was guilty of contributory negligence is a question of fact for the jury, and it is important that the jury in the determination of the fact should be properly and accurately instructed.

3. NEGLIGENCE—*Child of Tender Years.*—What would have been negligence on the part of an adult sufficient to preclude his recovery, does not necessarily constitute negligence on the part of a child of tender years, sufficient to prevent its recovery. The negligence of a child is to be measured by his age, capacity and intelligence, under the circumstances of the particular situation under consideration.

Action in Case, for personal injuries. Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1899. Reversed and remanded. Opinion filed March 26, 1900.

Statement by the Court.—Plaintiff in error, a minor, aged at the time of the trial eleven years, was injured July 8, 1897, by being run over by the wagon of defendant in error, drawn by a team of horses and driven by his servant, at the northwest corner of Twelfth and Desplaines streets,

Chicago, the injury resulting in the breaking of the boy's leg, necessitating its amputation between the knee and ankle.

Suit was brought by a next friend, the declaration charging, in substance, that the servant of defendant in error negligently and carelessly drove the horses and wagon around the corner of said streets upon and against the plaintiff, who was then a minor of tender years, and without fault or negligence on his part; also that by reasonable diligence and attention on the part of the servant of defendant in error the injury could have been avoided; also that the servant of defendant in error in driving said horses and wagon failed to exercise due and reasonable diligence in order to ascertain whether any child of tender age might be in the way of said horses and wagon, by means whereof the injury resulted, etc. The plea was the general issue. A trial before the court and jury resulted in a verdict of not guilty, on which judgment was rendered, from which this appeal is taken.

The evidence on behalf of the plaintiff in substance tends to show that plaintiff was stooping over near the corner of Desplaines and Twelfth streets, drinking water which ran from a sprinkling wagon of the city standing near the corner of said streets, and that the boy was in plain view of any one approaching the corner of the streets, coming from the north on Desplaines street; that the servant of defendant in error came from the north on Desplaines street, driving the horses and wagon south on that street at a trot, and in passing around the corner where the boy stood drinking from the sprinkler, and as the driver turned west on Twelfth street, the front wheel of his wagon struck the boy, knocked him down, and he was run over by the hind wheel of the wagon. Several witnesses testified that they were in a position to see the occurrence, and state that had the driver looked he could have seen the boy at least 150 feet away; that there was nothing to obstruct his view, and that there were no other boys at the place where plaintiff was standing.

The evidence on behalf of defendant in error was to the

effect that the horses and wagon were driven very slowly south on Desplaines street; that the driver did not see the boy at the sprinkler, and did not know that the wagon struck him until after he had been run over; also, that there were several other boys at the sprinkler with the plaintiff, who were scrambling and pushing in all directions, and that one of the boys either pushed the plaintiff down or he slipped and fell against the wagon and was run over. The evidence is conflicting, and while we are not prepared to hold that a verdict either way would not have been justified by the evidence, we are inclined to the view that the evidence, when considered as a whole, fairly preponderates in favor of the plaintiff, that the driver was negligent, and that the boy was in the exercise of such care, considering his age and intelligence, as would not have precluded a recovery.

The trial court, after examining the plaintiff, ruled that he was not competent to testify. Plaintiff stated on this examination that he was a Jewish boy, did not go to school, never went to church or Sunday school; that he did not know what it was to tell a lie, and did not know what would happen to him if he told a lie.

No instructions were asked on behalf of plaintiff and the court instructed the jury for defendant, that if they believed from the evidence that the plaintiff was guilty of negligence which directly contributed to the injury, then he could not recover, and also gave the two following instructions:

"The court instructs you that if you believe from the evidence that the plaintiff might, in the exercise of ordinary care and caution, have seen the danger and avoided it, and that the omission to do so directly contributed to the injury, then he was guilty of such negligence as will prevent the recovery in this suit, unless you further find from the evidence that the injury was caused by the willful, intentional or wantonly reckless acts of the defendant or their servants."

"The court instructs the jury that to entitle the plaintiff to recover, the jury must believe from the evidence that the injury complained of was occasioned by the carelessness or negligence of the defendants, or their servants, in the

manner charged in the declaration. And if the jury believe from the evidence that the plaintiff was guilty of negligence contributing to the injury, then the plaintiff can not recover, unless you further find from the evidence that the injury was caused by the willful, intentional or wantonly reckless acts of the defendants or their servants."

No instruction was given defining negligence, nor which told the jury that there should be any distinction between the negligence of an adult and that of a child of tender years.

King & Gross, attorneys for plaintiff in error.

Richard H. Mather, attorney for defendant in error.

Mr. Justice Windes delivered the opinion of the court.

When the evidence is conflicting and the case is close as to the right of recovery, it has been repeatedly decided that the instructions to the jury should be accurate. Canevin v. R. R. Co., 72 Ill. App. 81, and cases there cited.

Whether or not the plaintiff was guilty of contributory negligence was a question of fact for the jury, and it was important that the jury in the determination of that fact should have been properly and accurately instructed. What would have been negligence on the part of an adult which would have precluded his recovery, does not necessarily constitute negligence on the part of a child of tender years, such as the plaintiff is shown to be, which would prevent a recovery. The negligence of a child is to be measured by his age, capacity and intelligence under the circumstances of the particular situation under consideration.

In Kerr v. Forgue, 54 Ill. 482, the court was asked to instruct the jury in the case of an injury to a boy twelve years old, that "if the jury believe from the evidence that had the boy used ordinary care the injury complained of would not have happened, then, in that case, the law is for defendant," but the court modified the instruction by inserting after the word "care" the following: "that is, such care as a boy of his age and discretion would naturally use."

The Supreme Court held that the instruction as asked was not proper, and that the giving of it as modified was not error. The court say:

" A child can only exercise care and prudence equal to his capacity. Ordinary neglect as to a person of full age and capacity might be gross neglect as to a child. Hence the age and discretion of the child were the proper subjects of inquiry by the jury. The child is reckless and thoughtless; the man prudent and watchful."

In C. & A. R. R. Co. v. Becker, 84 Ill. 483, which was an action to recover for injuries to a boy which resulted in his death, the court say:

" While the deceased was possessed of ordinary intelligence and was capable of using as much caution for his safety as other boys of his age, yet it is not to be expected of a boy between six and seven years of age that the same caution and care will be used for personal safety as will be exercised by persons of mature age."

To the same effect in principle are the cases of Ry. Co. v. Eininger, 114 Ill. 83, and City of Pekin v. McMahon, 154 Ill. 141–54, and Ry. Co. v. Ohlsson, 70 Ill. App. 487. The McMahon case reaffirms the Kerr case, *supra*, and the court say:

" But where a child has passed the age of seven years, as was the case with appellee's deceased intestate, we are of the opinion that he is bound to use such care as children of his age, capacity and intelligence are capable of exercising, and that the question whether he has done so or not should be submitted to the jury."

In view of the principle announced in the foregoing decisions, we are of opinion that the jury was not accurately instructed, under the evidence in the case, and that it should be submitted to another jury under instructions stating the law as above indicated.

Counsel for plaintiff in error in their briefs fail to cite any adjudication by the Supreme Court of Illinois on the question of the degree of care required of a child, and have thus imposed upon this court the labor which it has a right to expect should be performed by counsel.

Other contentions are made, which we deem it unneces-

sary to consider, among which is that it was error to use the word "particulars" in the second instruction, when the word "opportunities" was no doubt intended to be used. This may be avoided on another trial.

The judgment is reversed and the cause remanded.